EFFIE A. RUMSEY, APPELLANT, v. SALINE COUNTY, APPELLEE.

FILED MARCH 16, 1918. No. 20281.

Constitutional Law: MOTHERS' PENSION LAW. Chapter 187, Laws 1915, providing pensions for mothers and guardians, is not invalid as being in conflict with section 11, art. III, or section 5, art. IX of the Constitution. It is not an amendment of the poor laws of the state, but is independent and complete in itself.

APPEAL from the district court for Saline county: RALPH D. BROWN, JUDGE. Reversed.

R. M. Proudfit, for appellant.

Charles F. Barth, contra.

SEDGWICK, J.

The plaintiff applied to the county court of Saline county for a pension under chapter 187, Laws 1915. Upon appeal to the district court a general demurrer to her petition was sustained and the proceedings dismissed, and she has appealed to this court.

It is conceded that her petition was not subject to demurrer, unless the statute under which she applied is unconstitutional. Many reasons are suggested in the brief for holding the act unconstitutional. It is suggested that the act is in conflict with section 11, art. III of the Constitution, which provides that "no bill shall contain more than one subject, and the same shall be clearly expressed in its title," because the title pro-

vides for pensions for "mothers and guardians," and the brief says that the body of the act provides a pension for the parent of any child or children; and because "the title provides a pension for dependent *and* neglected children," whereas the act itself provides a pension for dependent *or* neglected children; and because the act provides a pension "for those who are liable to become dependent or neglected," and not those who are already dependent or neglected. None of these objections are well taken. The provisions of the act referred to in these objections are found in the first section, which only regulates the substance of the petition that must be filed in order to obtain the action of the court. It is the second section that provides for the relief, and the provision there is that, if the court finds "that the petitioner is poor and unable to properly care for such child or children but otherwise is a proper guardian and that it is for the welfare of the child or children to remain at home under the guardianship of their mother, or guardian, the court may make an order finding such facts and fixing the amount of money necessary to enable the petitioner to properly care for such child or children." It is unnecessary to determine in this case under what circumstances the father of children might be entitled to a pension. If he is "the proper guardian," he comes within the provision of section 2 of the act. This application is made by the mother, and there is no doubt that she is qualified to make such application.

It is also suggested that the act violates the provision of the Constitution which requires, when statutes are amended that the section so amended shall be repealed, etc. This objection is predicated upon the idea that this act is an amendment to the poor laws of the state, but the poor laws do not cover, nor attempt to cover, the idea of assisting a worthy and competent mother to properly care for herself and her children. The subject of this act is entirely distinct from the

subject of the various statutes for supporting the poor.

It is also suggested that the act violates the constitutional provision (Const., art. IX, sec. 5) which limits the aggregate amount of taxes which the county authorities may assess. The act limits the amount to be allowed for the care of each child to $10 a month, and that the allowance shall not be ''effective for more than six months, unless renewed by the court at or after the expiration of that period,'' and that such payments are to be made from the general fund of the county. The limitation to assessment by counties is that the aggregate shall not exceed $1.50 per $100 valuation. This objection to this statute assumes that the allowance of this pension will necessarily cause the tax assessment to exceed the constitutional limit. There is nothing in the act which warrants such an assumption.

We do not find that any of the objections to the constitutionality of this act are well taken. The trial court, therefore, erred in sustaining the demurrer to the petition, and the judgment is reversed and the cause remanded for further proceedings.

REVERSED.

CORNISH, J., not sitting.