HOWARD COUNTY ET AL., APPELLEES, V. ANTON A. ENEVOLDSEN, APPELLANT.

FILED MARCH 16, 1929. No. 26432.

*Drake & Drake,* for appellant.

*Charles Dobry* and *William F. Spikes, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, and DAY, JJ., and HASTINGS and REDICK, District Judges.

HASTINGS, District Judge.

This action was commenced in the county court of Howard county by the plaintiffs, the county of Howard and its board of county commissioners, against the defendant, Anton A. Enevoldsen, pursuant to the provisions of section 5140, Comp. St. 1922, to recover money paid by the county for the support of Fredricka Petersen, daughter of defendant, and her four minor children.

Trial was had in that court and judgment rendered for the plaintiffs for the full amount claimed. From that judgment an appeal was taken to the district court, and trial had to a jury, which returned a verdict for the plaintiffs for the sum of $152.85, the full amount claimed. Judgment was entered on the verdict and defendant appeals.

It is the contention of the defendant that his daughter, Fredricka Petersen, was able to earn her own livelihood, and not prevented therefrom by any physical or mental disability or unavoidable cause, and that therefore he was not required under section 5140, Comp. St. 1922, to furnish support for her; and that as to her minor children he was not required to furnish support because their parents were of sufficient ability. He also contends that he was not directed by the county to support his daughter and grandchildren, prior to the furnishing of the greater part of such support by plaintiff county, and that until

directed to do so by the county board no recovery could be had against him for money expended by plaintiff county prior to the board directing him to furnish such support; and that the evidence shows no refusal by him to furnish such support after being directed by the county board to do so.

The right of the plaintiffs to recover against the defendant is purely statutory, and to recover against him they must have established their right under the provisions of section 5140, Comp. St. 1922, which provides:

"Every poor person, who shall be unable to earn a livelihood in consequence of any bodily infirmity, idiocy, lunacy or other unavoidable cause, shall be supported by the father, grandfather, mother, grandmother, children, grandchildren, brothers or sisters of such poor person if they or either of them be of sufficient ability; and every person who shall refuse to support his or her father, grandfather, mother, grandmother, child or grandchild, sister or brother, when directed by the county board of the county where such poor person shall be found, whether such relative shall reside in the same county or not, shall forfeit and pay to the county board, for the use of the poor of their county, such sum as may be by the county board adjudged adequate and proper to be paid, not exceeding ten dollars per week for each and every week for which they or either of them shall fail or refuse, to be recovered, in the name of the county board, for the use of the poor aforesaid, before a justice of the peace or any other court having jurisdiction: Provided, whenever any persons become paupers from intemperance or any other bad conduct, they shall not be entitled to support from any relative except parent or child; and *provided* further, such poor person entitled to support from any such relative may bring an action against such relative for support in his or her own name and behalf."

Under that statute, before a recovery could be had the plaintiffs were required to prove that Fredricka Petersen was a poor person unable to earn a livelihood in conse-

quence of some bodily infirmity, idiocy, lunacy or other unavoidable cause. There is no evidence to show that she was unable to earn a livelihood in consequence of any bodily infirmity, idiocy or lunacy; so, if plaintiffs are entitled to recover in this action it must be because of evidence showing inability by reason of some "other unavoidable cause."

The evidence without conflict establishes that Fredricka Petersen was granted an absolute divorce from her husband, Johanes Petersen, by the district court for Howard county on the 17th day of March, 1925, on the ground of extreme cruelty. The decree awarded her the custody of their four minor children, whose ages ranged from ten years to one year, and ordered her husband to pay $15 a month to her to be used by her in support of said children. Thereafter Mrs. Petersen, in order to provide a home for herself and minor children, rented a house in Dannebrog, for which she paid rent at the rate of $10 a month until the same was reduced to $8 a month. On account of the tender years of her children, she was obliged to, and did, devote the greater part of her time to their care. When not thus engaged, she did such work as she could do under the circumstances. This work consisted of washing and ironing for others, and her earnings from that kind of work were very small and, with the $15 a month required to be paid by her husband, insufficient to support herself and children. She had no property or means. The $15 a month was not regularly paid by her husband and at the time of the trial of this cause he was delinquent about $205 in his payments. Her former husband had no property or means, and was unable to do work of any consequence on account of mental and physical disability. He was confined in the hospital for the insane at Hastings for some time, later he was sent by his mother at her expense to Green Gables for treatment, and after returning from Green Gables he lived with his mother and was in part supported by her.

Being unable to earn a livelihood for herself and minor

children, she made application to the county board for county aid, which was granted.

Under the facts stated, is an "unavoidable cause" shown within the meaning of those words as used in said section 5140?

The statute under consideration was intended to accomplish two purposes: First, to provide support for a poor person coming within its provisions, by relatives in the order named therein, and who were of sufficient ability to do so; second, to relieve the public from the burden of such support. The purposes intended to be accomplished are both laudable and humane.

The words "unavoidable cause" used in the statute should be given such meaning as will carry out the purpose for which the statute was enacted. Mrs. Petersen was confronted with a situation that she could not avoid and in consequence of which she was rendered unable to earn a livelihood. It could only be avoided by deserting her infant children, consigning their care to other persons financially able to provide for them, or placing them in homes for dependent children. This she was not required to do in order to enable her to support herself. It was her duty as a mother to keep her children together and give them that care and attention that only a mother can. By faithfully performing that duty she was unable to earn her livelihood. This view is supported by authority. In the case of *South Hampton v. Hampton Falls*, 11 N. H. 134, it is said:

When a poor person "is sick, and needs the assistance of his wife, who is otherwise able to maintain herself, both may, by the necessity of such assistance, become paupers, and liable to support. * * * If there is any more unexceptionable or meritorious cause of pauperism than this, it is unknown to us. The wife necessarily became a pauper, unless it became her duty to desert her husband on his death bed; an act which we should not require of her, even though it should expose the defendant town to the necessity of her maintenance while in the discharge of such a duty."

In *Inhabitants of Poland v. Inhabitants of Wilton,* 15 Me. 363, it was held that where a father was able to support himself, but was unable to support his wife and children, he was a poor person or pauper within the meaning of the law.

Under the facts in this case, Mrs. Petersen was prevented from earning her livelihood because of the care and attention that it was necessary for her to give to her infant children and this is clearly within the meaning of the words "or any other unavoidable cause" as the same are used in said section 5140. To give this phrase any other construction under this state of facts would be to render meaningless and in part destroy the humane purpose for which the statute was enacted. We hold that Mrs. Petersen, under the facts disclosed by the record, was, at the times that aid was furnished to her by the plaintiffs, a poor person unable to earn a livelihood in consequence of an unavoidable cause, and that, under said section 5140, it was the legal duty of her relatives, who were of sufficient ability, to support her in the order named in section 5141, Comp. St. 1922. Under the provisions of section 5140 her father, being of sufficient ability to do so, is required to furnish such support to his daughter. Neither the father nor mother being of sufficient ability to furnish support for their minor children, the legal duty to do so devolved on the grandfather. The record in this case shows that he has not performed the legal obligations thus imposed upon him. During all of the time that his daughter was struggling to keep her children together and giving them the care that their tender years demanded, he never helped them or offered to help them by furnishing them the support that they so much needed. He not only failed to furnish them any support but refused to do so. The ties of blood did not seem to appeal to him. He seemed insensible to his moral and legal obligations to his kindred. Had he applied the money that he must have expended in litigating the claim of plaintiffs, through three courts, in aid of his needy daughter

and grandchildren, their burdens would have been materially lightened.

It is contended by counsel for the defendant that a greater part of the money expended by plaintiffs for the support of Mrs. Petersen and her minor children was furnished before defendant was directed by the county board to support them, and as to such money so expended there can be no recovery. Upon this question the evidence shows that the defendant was not directed by the board of county commissioners to support his daughter and grandchildren until the 2d day of March, 1926.

For the county or its board of commissioners to have a cause of action under section 5140 against a delinquent relative, it is necessary that such delinquent relative be first directed by the county board to furnish support to the needy relative and refuse to do so. This means that the county board must first make an order directing or commanding the delinquent relative to furnish the necessary support to the indigent relative. If, when so directed, he refuses, then the statute provides that such delinquent relative "shall forfeit and pay to the county board, for the use of the poor of their county, such sum as may be by the county board adjudged adequate and proper to be paid, not exceeding ten dollars per week for each and every week for which they or either of them shall fail or refuse."

The provisions of the statute are prospective only. It does not provide for the recovery of the money expended for the indigent person prior to the order directing the delinquent relative to support such relative and his refusal to do so. In other words, the right of action can only exist in favor of the county or its county board for such sums as have been ordered paid by the county board after the delinquent relative has been directed by order of the county board to furnish support to the indigent relative and has refused to do so.

Under statutes similar to ours the rule is stated in 21 R. C. L. 724, sec. 27, to be:

"There can be a recovery, however, only in case the liability is complete in accordance with the terms of the statute. Many statutes making persons liable for the support of destitute relations provide for the imposition of such liability by an order directing the support of the pauper by such relation as shall be liable, but there can be no such recovery if the support is not first directed."

Under a statute almost identical with ours it was said in *Multnomah County v. Faling*, 49 Or. 603:

"The duty of providing such support is purely statutory and the procedure provided for its enforcement is exclusive. * * * Under this statute the county court has no cause of action against a delinquent relative except upon his failure to perform the duty imposed upon him by statute 'when directed by the county court.' The provision is that every person who shall refuse to support his or her parents, children, brother or sister, 'when directed by the county court,' shall forfeit and pay to the county for the use of the poor the sum of $30 per month, or such other sum as the court shall find sufficient, 'to be recovered in the name of the county court' before a court having jurisdiction. To fix a liability in favor of the county court and against a delinquent relative, it is necessary therefore that an order be made by the court directing him to discharge the duty imposed upon him, and that such direction has been ignored."

It follows that plaintiffs were not entitled to recover for any money expended by them in support of Mrs. Petersen and her minor children prior to March 2, 1926. The verdict of the jury and the judgment entered include the sum of $115 expended prior to the order directing the defendant to support his indigent relatives and to that extent cannot be sustained.

It is further claimed by counsel for the defendant that there is no evidence of a refusal upon the part of the defendant to furnish support for his daughter and her minor children after being directed by the county board to do so. It is true there is no evidence that after the order

was made directing him to furnish such support he refused either verbally or in writing. This we do not consider necessary. It is sufficient if the evidence is such as to show that he did not intend to comply with the order and had no purpose to do so. The evidence shows that prior to the order being made he had informed the county authorities that he had "nothing to·do with supporting Mrs. Fredricka Petersen and family." On March 13, 1926, pursuant to the direction of the county board, the county clerk mailed to the defendant, by registered letter, a certified copy of the order of the board directing him forthwith to support his indigent relatives and to continue such support during the necessity therefor. The envelope in which the copy of the order was sent had the return card of the clerk upon it, a return receipt was requested, and he, evidently knowing what the content of the letter was, refused to receive it and it was returned to the clerk unopened. Thereafter a certified copy of the order was served upon him by the sheriff. He did not comply with the order, nor did he evidence any intention to do so. The county board took no further action until April 6, 1926, and defendant had from March 13 to that time to comply with the order. His conduct shows that he did not intend to comply with the same and the jury were fully justified in finding that he had refused to do so.

It is claimed that error was committed by the trial court in overruling the motion of the defendant to strike out certain parts of the amended petition, for the reason that the parts of said petition at which the motion was directed changed the issues from what they were in the county court. This contention has no merit. The identity of the cause of action was not changed by the allegations in the amended petition in the district court to which the motion was directed. In the petition in the district court the facts were alleged more in detail, but the identity of the cause of action was preserved, this was all that was required. *Jacob North & Co. v. Angelo,*

75 Neb. 381; *Coleman v. Spearman, Snodgrass & Co.*, 68 Neb. 28; *Lubker v. Grand Detour Plow Co.*, 53 Neb. 111.

The defendant assigns as error the following remark, made by the trial judge in the presence of the jury at the close of the evidence, "I do not see anything to submit to the jury," and the making of a motion thereafter by counsel for plaintiffs in the presence of the jury for a directed verdict. The jury were excused. The motion was argued and overruled by the trial court. This was in no way prejudicial to the defendant and does not merit further consideration.

It appears from the evidence that, after the defendant had by order of the county board been directed to support his indigent relatives, on April 6, 1926, the board ordered that $15 a month be paid for their support. The defendant failed and neglected to make the payments for the months of April and May, and the plaintiffs paid such amounts to Mrs. Petersen for the support of herself and minor children for those months. This amounted to $30, for which plaintiffs were entitled to recover, but they were not entitled to recover the $115 paid by them prior to the order directing the defendant to furnish such support.

It is therefore ordered that judgment of the district court be affirmed, if within 20 days plaintiffs file in this court a remittitur in the sum of $115; otherwise, that the judgment be reversed and the cause be remanded.

AFFIRMED ON CONDITION.