JOHN C. SPOMER, ADMINISTRATOR, APPELLEE, V. ALLIED ELECTRIC & FIXTURE COMPANY, APPELLANT.

FILED NOVEMBER 7, 1930. No. 27421.

400

*Sanden, Anderson, Laughlin & Gradwohl,* for appellant.

*Chambers & Holland* and *C. Russell Mattson, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBER-LY and DAY, JJ., and REDICK, District Judge.

ROSE, J.

This is an action to recover damages in the sum of $20,000 for negligence resulting in the death of Edward John Spomer, a boy fifteen years of age. While riding west on a bicycle on F street in the city of Lincoln May 15, 1929, he was struck by a motor truck going south on Fourteenth street at the intersection of the two thoroughfares. As a result of the collision he died the next day. The truck belonged to defendant and was driven at the time by an employee named H. H. Hansen. John C. Spomer, the father of the boy, instituted the action as administrator.

The driver of the truck was charged by plaintiff with negligence in operating it at the high and unlawful speed of 35 miles an hour; in neglecting to signal his approach; in failing to keep between the center of the intersection and the curb line to his right as required by law; in not keeping a proper lookout; in failing to keep the truck under reasonable control; in driving in such reckless manner as to endanger life and property and interfere with lawful traffic.

Defendant denied plaintiff's charges of negligence, and pleaded that its driver exercised proper care; that Edward John Spomer was guilty of contributory negligence in riding his bicycle side by side with another bicycle rider in

violation of a city ordinance; in failing to give defendant's driver the right of way; in omitting to keep a proper lookout; in riding in front of the truck and suddenly stopping after it swerved to the east in an attempt by the driver to avoid a collision. Defendant alleged also that the proximate cause of the accident was the negligence of the bicycle riders. The reply to the answer was a general denial.

Upon a trial of the issues the jury rendered a verdict in favor of plaintiff for $5,450. From a judgment therefor defendant appealed.

The assignments of error are directed to instructions and to the verdict as excessive. On the issues of negligence, contributory negligence and proximate cause the evidence is conflicting. In respect to these issues testimony on behalf of plaintiff tends to prove generally the allegations of the petition, while the evidence adduced by defendant tends to support the defenses pleaded in the answer.

In an instruction of which complaint is made, the trial court directed the jury, among other things, that the laws of Nebraska and the ordinances of Lincoln required the driver of the motor vehicle to have it "under complete control." The instruction is erroneous. There is no evidence of a city ordinance requiring the driver of the truck to have it "under complete control" at the intersection. While a municipal court may take notice of a city ordinance, proof of its existence is ordinarily required in courts of general jurisdiction. *Foley v. State,* 42 Neb. 233. "Complete control" is not required by the laws of Nebraska, as stated in the instruction. The required degree of care has been defined as follows:

"A driver of an automobile should have his car under such reasonable control as will enable him to avoid collision with other vehicles, assuming that the drivers thereof will exercise due care." *Thrapp v. Meyers,* 114 Neb. 689; *De Griselles v. Gans,* 116 Neb. 835.

"Reasonable control" by drivers of motor vehicles is such as will enable them to avoid collision with other vehicles operated without negligence in streets or intersections, and with pedestrians in the exercise of due care; but "complete

control" such as will only prevent a collision by anticipation of negligence or illegal disregard of traffic regulations, in absence of notice, warning or knowledge, is not required by the laws of Nebraska. The instruction given by the trial court in the present case imposed upon defendant too high a degree of control under the circumstances.

An instruction containing the following language is also challenged by defendant as erroneous:

"No legal obligation rested upon Edward John Spomer to make contributions in money to his father and mother after he should reach the age of 21 years, so long as the father and mother are reasonably able to earn a livelihood; and whether such contributions would have been made by him during his and their lifetimes must be determined by you from all of the evidence, facts and circumstances of the case."

From this the jury were at liberty to infer an obligation or a legal duty on the part of the son, after attaining the age of 21 years, to make contributions to his parents, if they are unable to earn a livelihood. Thus considered, this instruction is at variance with both common and statutory law. The earnings of an unemancipated minor belong to his parents, but at common law a son is not legally bound to furnish them support after he becomes of age. 46 C. J. 1279, sec. 73. Thereafter his legal duty, if any, in that respect is imposed by a statute which provides:

"Every poor person, who shall be unable to earn a livelihood in consequence of any bodily infirmity, idiocy, lunacy or other unavoidable cause, shall be supported by the father, grandfather, mother, grandmother, children, grandchildren, brothers or sisters of such poor person if they or either of them be of sufficient ability." Comp. St. 1922, sec. 5140.

The legal liability of an adult son to support his parents does not extend beyond the terms of the statute. The right to enforce the obligation at law is granted to the county board and to the indigent person in an action against the relative who fails to perform the statutory duty, but the statute does not provide for a recovery in an action against a third person. *Allen v. Trester,* 112 Neb. 515; *Emel v.*

*Standard Oil Co.*, 117 Neb. 418. The instruction, therefore, is erroneous.

Another instruction against which an assignment of error is directed contains the following directions:

"You are instructed that, if you find for the plaintiff, the amount of the recovery shall be the present worth of the monetary contributions less the expense of maintaining the deceased, if any, in money which you find from the evidence Edward John Spomer, deceased, would have made to his father and mother during his and their lifetimes had he lived."

The defense of contributory negligence was a controverted issue, on which there was evidence in favor of both parties. While the trial court directed the jury to deduct from the present worth of monetary contributions the expense of maintenance, a direction to diminish the recovery in proportion to the amount of contributory negligence, if any, according to the statutory rule, was omitted. With such matter excluded the instruction is incomplete. Standing alone, it is erroneous for the reason stated, but the omission does not necessarily require a reversal, because another instruction contained a correct statement of the comparative negligence law applicable to the issues and proofs.

The following rule was recently announced:

"The measure of damage in an action by the personal representative of a child, for the benefit of its parents, to recover for wrongfully causing the death of such child, is the present worth in money of the contributions having a general monetary value of which the parents are shown by the evidence with reasonable certainty to have been deprived by the act causing the death, and those contributions that are only probable, or conjectural, may not be included in the amount of such damage." *Fisher v. Trester*, 119 Neb. 529.

For the errors indicated, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.