FRONTIER COUNTY ET AL., APPELLANTS, V. ALBERT C. PALMER, APPELLEE.

FILED DECEMBER 22, 1933. No. 28746.

*F. J. Schroeder,* for appellants.

*Butler & James, contra.*

Heard before GOOD and EBERLY, JJ., and MESSMORE, RAPER and YEAGER, District Judges.

MESSMORE, District Judge.

This is an appeal from an order of the district court for Frontier county sustaining a general demurrer to the second amended petition of appellants, plaintiffs below. Said petition sought to state a cause of action against appellee, defendant below, to recover money expended by the county of Frontier allowed to one Lelah Ward, daughter of appellee, by virtue of a mother's pension. The amount so paid was $1,675 and was paid over the period of time alleged in the petition.

Appellants contend that the court erred in sustaining the demurrer for the reason that appellee, the father of the said Lelah Ward, is liable for the support of his child and the children of that child, who because of an unavoidable casualty is unable to earn a livelihood for herself and children, and predicate their cause of action upon sections 43-407 and 68-101, Comp. St. 1929, which may be termed for the purposes of this opinion "Relief for the Poor" or "Pauper Statutes."

Appellee contends that the demurrer was properly sustained for the reason that the mothers' pension act has been declared to be a separate and distinct statutory act and so held by this court in case of *Rumsey v. Saline County*, 102 Neb. 302, in which case it was held: "Chapter 187, Laws 1915, providing pensions for mothers and guardians, is not invalid as being in conflict with section 11, art. III, or section 5, art. IX of the Constitution. It is not an amendment of the poor laws of the state, but is independent and complete in itself."

The mothers' pension act, being in and of itself an independent statutory provision and granting pensions in stipulated amounts to mothers who come within the provisions of such act, upon proper showing in a court having jurisdiction of such matters, goes to the proposition of the welfare of the children involved in such action, under 16 years of age, for the purpose of contributing to their relief, and in order that they may obtain educational advantages such as other children have, and that. they may have the home environment necessary and incident to the well-being of children generally. It must be borne in mind that the money utilized in this respect is for the benefit of such children. No provision is made for the recovery of this money on behalf of any governmental body.

The mothers' pension act and the act under which the county seeks to recover herein were enacted with entirely different objects in view and were passed to remedy conditions altogether dissimilar. Their subject-matters are

entirely distinct, and for a further analysis it may be said that when a statute gives a right and creates a liability which did not exist at common law, and at the same time points out a specific method by which the right can be asserted and the liability ascertained, that method must be strictly pursued.

Appellants had every opportunity in the county court to present any opposition they may have had to the recovery by Lelah Ward under the provisions of the mothers' pension act, and there the question could have been very properly raised as to the ability of the grandfather to support the minor children of his daughter. While no formal answer is necessary in behalf of the county in such a proceeding and while the hearing is informal, yet all questions as to why the award should not be paid may be raised by the county attorney who represents the taxpayers of the county and the county board, and in the absence of such showing on the part of the county no other specific recovery can be had.

Therefore, we are of the opinion that the demurrer was properly sustained by the lower court.

AFFIRMED.