BEULAH DORSEY, ADMINISTRATRIX OF THE ESTATE OF PADDY
JO DORSEY, DECEASED, APPELLANT, V. JOHN A. YOST,
APPELLEE.

36 N. W. 2d 574

Filed April 1, 1949.   No. 32545.

*Bertrand V. Tibbels,* for appellant.

*Neighbors & Danielson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action by the administratrix of the estate
of Paddy Jo Dorsey for damages for the wrongful death
of the deceased, who was 11 years of age at the time of
her death.  The verdict and judgment were for the

plaintiff in the amount of $1,500.60. The plaintiff appeals.

The record shows that the deceased child was riding in an automobile driven by Gaylord E. Chase on June 24, 1947. As they proceeded south on U. S. Highway No. 26 at a point a few miles north of Minatare, Nebraska, the car in which they were riding collided with the Ford truck being operated by the defendant. The jury in weighing the evidence found in effect that the accident was due to the negligence of the defendant. The correctness of this finding is in no manner challenged by this appeal.

The plaintiff's petition alleges two causes of action. The first cause was for the recovery of damages to the next of kin and for the medical, hospital, and funeral expenses resulting from defendant's negligence. The second cause was for the recovery of damages to the deceased for the pain and suffering resulting from defendant's negligence. The jury awarded plaintiff $1,500.60 on the first cause of action and nothing on the second cause of action. Plaintiff assigns the inadequacy of the verdict and the giving of certain instructions alleged to be erroneous as grounds for reversal.

The evidence in support of the first cause of action is not in dispute. Plaintiff established the amount of hospital, medical, and funeral expenses at $900.60. There was evidence that the deceased was 11 years of age at the time of her death. She lived with her mother, Beulah Dorsey, and her 10-year-old sister. The mother was divorced from her husband in 1938 and had received no support for the children as provided by the divorce decree. The mother was 34 years of age at the time of the accident. Life expectancy tables were offered in evidence for persons 11 and 34 years of age. The evidence shows that Beulah Dorsey was employed at a salary of $135 a month. She had no other income or property other than her household goods. The deceased attended school during the school year during the usual

hours. The testimony shows that deceased washed dishes, swept floors, made beds, helped prepare meals, waxed and dusted furniture, hung out and gathered clothes, and assisted with the ironing. Plaintiff had expenses in supporting the deceased for clothing, food, school supplies, and occasional spending money. The value of domestic service as performed by the deceased was fixed at 40 to 50 cents an hour. Upon this evidence the jury returned a verdict for $1,500.60, which the plaintiff claims to be inadequate.

The measure of damages in an action such as we have before us is the pecuniary loss which the parent sustains by reason of being deprived of the child's services during his minority and the loss of contributions that might reasonably be expected to be made after reaching his majority. Contributions which are speculative or conjectural may not properly be included. It is for the jury to determine the pecuniary value of the child's services which would have accrued to the parent but for the accident. The amount to which a parent is entitled cannot be accurately determined because of the numerous contingencies involved. The amount being very problematical, it is peculiarly for the jury to determine, after hearing all the evidence bearing upon the situation, including the parent's position in life, the physical and mental condition of the child, his surroundings and prospects, and any other matter that sheds light upon the subject. Members of juries generally have children of their own and have information as to the pecuniary value of children's services and the expense involved in their care and education. A jury is peculiarly fitted to determine the loss sustained by a parent in such a case. At best, the verdict can only be an approximation as no yardstick exists by which the correct answer can be found with exactness. The record in the present case does not show that the jury was improperly influenced or that it acted other than upon the evidence before it. The alleged inadequacy of the verdict does not therefore have merit

as a basis for a new trial. Johnson v. Missouri Pacific Ry. Co., 18 Neb. 690, 26 N. W. 347; Draper v. Tucker, 69 Neb. 434, 95 N. W. 1026; Crabtree v. Missouri Pacific Ry. Co., 86 Neb. 33, 124 N. W. 932, 136 Am. S. R. 663.

Plaintiff complains of the refusal of the trial court to give that part of plaintiff's requested instruction No. 12 which reads as follows: "You may also consider the fact that under the laws of this State a child is under a legal obligation to support and maintain his parents, when due to illness or advanced age they are unable to support themselves." Upon this point the court instructed as follows: "You are instructed that for the purposes of this case no legal obligation rested upon the daughter to make contributions of money or services to the mother after the daughter should marry or become of legal age." Plaintiff relies upon section 68-101, R. S. 1943, to sustain her position. This question was determined contrary to the theory advanced by the plaintiff in Spomer v. Allied Electric & Fixture Co., 120 Neb. 399, 232 N. W. 767, wherein it is said: "The legal liability of an adult son to support his parents does not extend beyond the terms of the statute. The right to enforce the obligation at law is granted to the county board and to the indigent person in an action against the relative who fails to perform the statutory duty, but the statute does not provide for a recovery in an action against a third person. Allen v. Trester, 112 Neb. 515, Emel v. Standard Oil Co., 117 Neb. 418." There is no merit to plaintiff's assignment of error on this point.

Relative to the quantum of proof involved, the trial court instructed the jury that they must be "satisfied by the greater weight of the evidence" both on the question of liability and of damage. Plaintiff complains that the court departed from this rule in instructions Nos. 7 to 11, inclusive, by limiting the recovery of damages to the mother to such an amount of monetary benefits that would with "reasonable certainty" have resulted to her from the continued life of the daughter. Objection is

also made to the use of the word "probable" in the following language used in these instructions: "Such financial benefits, however, that are only probable or conjectural may not be included in the amount of such recovery * * *." There is no error in the use of these expressions in the instructions. In Fisher v. Trester, 119 Neb. 529, 229 N. W. 901, we said: "In an action such as this, where the life expectancy of the deceased exceeded that of the next of kin, and the next of kin are the parents of the deceased, the measure of damage is the present worth in money of the contributions having a monetary value of which the preponderance of the evidence shows with reasonable certainty the next of kin have been deprived by the act of the defendant that creates the liability. That which is only probable, estimated or conjectural may not be considered in determining the pecuniary loss. * * * Instructions Nos. 12, 13, 16 and 19, when read together, make the probable pecuniary loss, rather than the pecuniary loss shown by the evidence with reasonable certainty, the basis for determining the pecuniary loss, and to that extent, when instructions free from such interpretation were tendered by the defendant, were erroneous." See, also, Greenwood v. King, 82 Neb. 17, 116 N. W. 1128; Burkamp v. Roberts Sanitary Dairy, 117 Neb. 60, 219 N. W. 805.

Plaintiff assigns as error the giving of instruction No. 13. The portion complained of reads: "You are not bound to take the testimony of any witness as absolutely true, and you should not do so if you are satisfied from the facts and circumstances proved on the trial that such witness is mistaken in a matter testified to by the witness, or that for any other reason the testimony of such witness is untrue or unreliable." Plaintiff contends that this language permits the jury to disregard the testimony of witnesses for reasons outside the record, or to arbitrarily do so for no reason at all. No such strained construction can properly be drawn from the language used. The words "if you are satisfied from the facts and

circumstances proved on the trial" limit, not one, but both clauses which follow in the same sentence. The language objected to, when given a fair and reasonable interpretation, is free from error.

Plaintiff contends that the failure of the jury to return a verdict on the second cause of action constitutes reversible error. Whether or not the deceased suffered any pain from the time of the accident until her death was an issue upon which the evidence was highly conflicting. It was the contention of the defendant that the deceased never regained consciousness. The witnesses who saw her at the scene of the accident and those who took her to the hospital testified that she was unconscious during that period. Three supervising nurses testified that she never became conscious before she died. This evidence, although disputed, is sufficient to sustain the verdict of the jury.

We conclude that plaintiff's assignments of error are without merit.

AFFIRMED.