LESLIE FORREST, SPECIAL ADMINISTRATOR OF THE ESTATE OF LESLIE FORREST, JR., DECEASED, APPELLEE, V. PAUL MASTERS, APPELLANT.

63 N. W. 2d 777

Filed April 9, 1954.   No. 33458.

*Fraser, Connolly, Crofoot & Wenstrand,* for appellant.

*Raymond T. Coffey* and *George B. Boland,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action for damages arising from an automobile accident resulting in the death of plaintiff's intestate. Issues were made and trial had. Defendant requested an instructed verdict which was denied. The jury returned a verdict for plaintiff. Defendant moved for judgment notwithstanding the verdict. The motion was denied. Plaintiff moved for a new trial. It was granted. Defendant appeals assigning error as to both rulings. We sustain the ruling on the motion for a directed verdict, reverse the ruling granting a new trial, and remand the cause with directions.

Neither party assigns error in the instructions, save as to the one for an instructed verdict which was denied. Neither party assigns error in the admission of evidence.

We state the facts necessary to determine the assigned and argued errors.

Deceased was killed by being struck by defendant's automobile. The accident happened shortly after midnight on August 10, 1952, on U. S. Highway No. 30 near Kennard, Nebraska. The highway at the point of the accident is level and without material curves. It runs in what is called an east-and-west direction. The highway is paved with concrete, 20 feet in width, with shoulders 8 feet in width on either side. The pavement was dry, and the weather was clear.

Defendant's car was driven by his 15-year-old son in an easterly direction toward a filling station and restaurant, on the south side of the road, which was open and lighted. The speed of defendant's car was testified to variously as from 45 to 75 miles per hour at the time of the accident.

Plaintiff's intestate, 18 years old, hereinafter called deceased, was one of four boys who were pedestrians going east along the south or right-hand side of the highway. Plaintiff's evidence is that the boys were walking behind each other, with about 50 feet between them, the deceased being third from the front. Defendant's evidence is that deceased and one other boy appeared to be together at the time of the accident.

Both parties agree that there was a truck, consisting of a tractor and trailer unit, going west on its own side of the pavement about the time of the accident. Plaintiff's witnesses put the truck past the point of the accident at the time it happened. Defendant's witnesses and particularly defendant's driver put the passing of the truck and defendant's car as coincident with the accident.

All parties agree that the deceased was hit by the right front of defendant's car, the point of impact being on the right-front fender where the headlight was located. The headlight was broken out. The glass from the headlight was found scattered on the shoulder. None was on the pavement. One of defendant's witnesses put it off the pavement 2 feet.

All witnesses agree that the deceased was thrown through the air by the impact a distance of 50 feet or more and came to rest several feet off the pavement on the right side.

All parties agree that deceased was wearing dark clothing. It is clearly inferable from the evidence that deceased was struck on the right hip.

To sustain his contention for an instructed verdict defendant's first position is that deceased was guilty of negligence as a matter of law barring recovery because he was walking down the road with, and not against, the movement of traffic. As to that the rule is: "* * * in the absence of restrictive applicable statutes or ordinances, a pedestrian has a right to walk longitudinally in a street or highway, and is not as a matter

of law guilty of contributory negligence in doing so." Floyd v. Edwards, 150 Neb. 41, 33 N. W. 2d 555, and cases there cited.

The trial court submitted this cause to the jury under an instruction containing that rule of law. The instruction is not assigned as error here. The rule is: "Instructions not complained of in such a way as to be reviewable in this court will be taken as the law of the case, and if, when tested by such instructions, the verdict is not vulnerable to the objections lodged against it, the assignments will not be sustained." Webber v. City of Scottsbluff, 150 Neb. 446, 35 N. W. 2d 110.

Defendant next contends that deceased stepped out in front of the car and was killed as a result solely of his own negligence. Plaintiff's evidence is that in the moment just before the impact deceased was walking east on the shoulder and not on the pavement. Eye witnesses put him there.

Defendant's evidence, by the driver of the car, is that he did not see deceased until a few feet before he was hit; that deceased "popped out" a couple of feet in front of him; that he turned the car 3 or 4 feet to the left to avoid hitting him and could not do so; and that deceased was about in the middle of the road when he was hit. An eye witness, testifying for defendant, said that deceased took "Approximately three side steps" out into the path of the defendant's car "four to five feet out in front of the car." Bearing in mind that defendant's witnesses state the defendant's car was 7½ feet wide; that they put the truck in the west-bound lane of travel at the time of the accident; that defendant does not contend his car was to the left of the east-bound lane of travel; and that that lane is 10 feet wide, it may well be that the jury also concluded that defendant's witnesses put deceased off the pavement and on the shoulder at the moment before the impact. Accepting defendant's calculations of width of car and distance turned to the left, the jury could have concluded that

defendant's car was over the right edge of the pavement before the impact.

Defendant testified that he saw and passed one of the boys walking "a little bit on the shoulder." He never saw the deceased, walking in the same position according to plaintiff's witnesses, until he "popped out" in front of him.

The question of fact would then be did the deceased step out 4 or 5 feet (three side steps) into the immediate front and path of a lighted automobile or was he run down and killed when he was walking along the shoulder of the highway? It is not difficult to understand reasons which the jury may have had for rejecting defendant's evidence. That they did reject it is apparent from the verdict. The evidence is sufficient to submit that question to the jury.

It follows that defendant's motion for a directed verdict and judgment notwithstanding the verdict was properly denied.

The next question is that of whether or not the trial court erred in granting a new trial. The parties here reduce that question to one of whether or not the verdict was adequate under the evidence. See Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772.

The jury awarded plaintiff $750 damages. Plaintiff relies on the rule stated in Mares v. Chaloupka, 110 Neb. 199, 192 N. W. 397, which is: "When it appears in an action for personal injuries that a verdict is apparently the result of passion and prejudice and is inadequate, such verdict will be set aside and a new trial will be granted."

Plaintiff sought recovery of damages on two elements, that is, medical treatment and funeral expenses and loss of regular contributions to the care, support, and maintenance of his father and mother who were his sole and only heirs at law and next of kin.

The plaintiff pleaded $20 for medical expenses, $10

for hospital expenses, and $875 for funeral expenses. He offered bills showing that the total of these items was $890.50. They were received in evidence without objection. We find no evidence that the amounts charged were reasonable. There is mention of that made in the briefs. However, the trial court instructed the jury that in arriving at the amount of damages, they could take into consideration "the medical, hospital and burial expense." At another place the court instructed that they could consider the "reasonable cost of the doctor bills, the hospital expense and burial expenses." Defendant does not assign error on that ground, but rather argues that the jury applied the comparative negligence instruction, which was given, in arriving at its result.

The basic question is whether or not a new trial should be granted for failure of the jury to award substantial damages for loss of contributions for care, support, and maintenance. In that connection the court instructed the jury that they could allow such sum as they found "the deceased might reasonably have been expected to contribute to his parents during his lifetime. * * * in excess of the amount which they would have expended for his maintenance and support * * *."

The rules are: "In an action by the personal representative of a deceased child, for the benefit of a parent, to recover damages for negligently causing the death of the child, the measure of damages is the present worth in money of the contributions having monetary value of which the parent is shown by the evidence with reasonable certainty to have been deprived.

"Contributions which are speculative or conjectural may not be properly included in fixing the amount of such damage." Dorsey v. Yost, 151 Neb. 66, 36 N. W. 2d 574, 14 A. L. R. 2d 544.

The evidence is that deceased was gainfully employed for periods of several months prior to his death. He made his home with his parents. It is inferable from

the evidence that he controlled his wages and money. He owned his own car. In answer to a question as to what deceased did by way of contributing to her support his mother answered, "he just gave us a certain amount each week from his check. * * * Ten, sometimes twenty a week."

In answer to a similar question the father testified that: "On many occasions he turned in half or maybe two-thirds of his pay. * * * a time or two * * * the full amount * * *. But ordinarily he only paid ten to twenty dollars a week board to his mother"; that that was "the general arrangement"; and that there "was no definite, fixed amount."

The jury might well have concluded from this evidence that deceased's position in the home, so far as finances were concerned, was that of dealing with his parents on a debit and credit relationship and paying for that which he received as board and room. His contributions otherwise were speculative, indefinite, and conjectural.

As we said in Dorsey v. Yost, *supra*, the alleged inadequacy of the verdict does not have merit as a basis for a new trial. The verdict of the jury can be justified under the comparative negligence statute.

The judgment of the district court is reversed and the cause is remanded with directions to enter judgment on the verdict of the jury.

REVERSED AND REMANDED WITH DIRECTIONS.