LENARD H. WESTRING, SPECIAL ADMINISTRATOR OF THE ESTATE OF RICKY WESTRING, DECEASED, APPELLANT, V. RICHARD L. SCHWANKE ET AL., APPELLEES.

177 N. W. 2d 506

Filed May 28, 1970. No. 37442.

Richard J. Bruckner, Henry C. Rosenthal, Schrempp, Rosenthal, McLane & Bruckner, and Harry E. Stevens, for appellant.

Ray C. Simmons, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action by the administrator of the estate of Ricky Westring, deceased, to recover damages for his wrongful death. The deceased, who will be referred to as the plaintiff, died as the result of injuries sustained in an accident on September 28, 1968.

The jury returned a verdict for the administrator in the amount of $50,000. The trial court sustained the defendant's motion for new trial and the administrator has appealed.

The accident happened at about 12:30 a.m. on Twenty-third Street near the intersection of Hancock Street in Fremont, Nebraska. Twenty-third Street is U. S. Highway No. 30 and runs generally east and west. The speed limit is 45 miles per hour. The highway is well lighted by street lights and by light from the businesses located along the highway. The weather was clear and the streets were dry.

The plaintiff was operating a motorcycle and proceeding east on Twenty-third Street. A passenger, Charles L. Hill, was riding on the motorcycle behind the plaintiff. The motorcycle was traveling approximately 30 to 35 miles per hour in about the middle of the eastbound traffic lane. The motorcycle was equipped with a headlight and Hill testified positively that the headlight was lighted.

Richard L. Schwanke, who will be referred to as the defendant, was driving a 1966 Chevrolet automobile, owned by his parents, west on Twenty-third Streets. The defendant passed another automobile operated by Scott Reeves, which was also proceeding west on Twenty-third Street. As the defendant was starting to turn back into the westbound lane, the left front of the defendant's automobile collided with the motorcycle op-

erated by the plaintiff. The plaintiff was fatally injured and died before reaching the hospital.

At the time of the accident, the defendant's automobile was traveling at approximately 35 miles per hour. The headlights of defendant's automobile were on and there was no obstruction to his vision, but neither he nor the passenger in his automobile, Robert Bennett, saw the motorcycle or any light on it before the impact. Reeves and the passenger in his automobile, Fred Placzek, did not see the motorcycle coming from the west before the accident. The evidence presented questions for the jury as to the negligence of the defendant and the contributory negligence of the plaintiff.

The plaintiff was past 17½ years of age at the time of his death. He was unmarried and living at home on his father's farm near Fremont, Nebraska. He was in good health and was employed at a popcorn plant in North Bend, Nebraska. He had completed 3 years of high school and had started to school in the fall of 1968 but dropped out after 1 week. He had been found to be a delinquent child in a juvenile proceeding in Faulk County, South Dakota, on June 3, 1968, and had been "paroled" to his parents for 1 year.

The plaintiff had helped his father with farm work and had worked for other farmers. Several witnesses testified that the plaintiff was a good farm worker and mechanic. The employment supervisor of the State Division of Employment testified that the rate of pay for a single farm laborer was from $135 to $300 per month plus board and room.

There was no direct evidence as to the amount expended by the plaintiff's father for the plaintiff's maintenance or as to any amounts the plaintiff may have contributed to his parents. The plaintiff's father testified that the plaintiff was to receive a half interest in the farm operation when the plaintiff became of age and that the farm operation was then to be a partnership.

The measure of damage in an action for wrongful

death is the pecuniary loss to the statutory beneficiaries. The recovery is limited to the value of the services or the amounts which the beneficiaries would have received from the earnings of the deceased. Darnell v. Panhandle Coop. Assn., 175 Neb. 40, 120 N. W. 2d 278.

In this action the damage which the plaintiff's parents sustained was the pecuniary loss which resulted from their being deprived of the plaintiff's services during the balance of his minority and the loss of the contributions that the plaintiff could with reasonable certainty have been expected to make after reaching his majority. Dorsey v. Yost, 151 Neb. 66, 36 N. W. 2d 574, 14 A. L. R. 2d 544.

If the plaintiff had lived he would have reached his majority in less than 2½ years. Thereafter, his legal obligation to support his parents would have been that prescribed by statute. This obligation cannot be enforced in an action against a third person. Spomer v. Allied Electric Fixture Co., 120 Neb. 399, 232 N. W. 767.

The testimony of plaintiff's father shows that the plaintiff and his father would have been engaged in a partnership operation after the plaintiff reached his majority. This indicates that the plaintiff would have been compensated for his services and is not evidence that the plaintiff would have made substantial contributions of monetary value to his parents after reaching his majority.

The verdict of $50,000 for the wrongful death of the plaintiff was clearly excessive under the evidence. The order of the district court sustaining the defendant's motion for a new trial is affirmed.

AFFIRMED.