STAN J. FISCHER, APPELLANT, V. HUBERT K. HINKLE, APPELLEE.
488 N.W.2d 39

Filed May 5, 1992.   No. A-90-191.

Timothy J. O'Brien, of Hauptman, O'Brien, Wolf & Lathrop, P.C., for appellant.

Michael F. Coyle, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee.

SIEVERS, Chief Judge, and HANNON and WRIGHT, Judges.

WRIGHT, Judge.

The plaintiff, Stan J. Fischer, appealed the granting of summary judgment for the defendant, Hubert K. Hinkle. Fischer was a pedestrian who sustained injuries in an automobile-pedestrian accident in Omaha. The trial court found that Fischer was contributorily negligent to a degree sufficient to bar his recovery and granted summary judgment in favor of Hinkle.

## STANDARD OF REVIEW

In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment was granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Barelmann v. Fox*, 239 Neb. 771, 478 N.W.2d 548 (1992).

Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.*

Violation of a statute is not evidence of negligence per se, but merely evidence of negligence. *Hurlbut v. Landgren*, 200 Neb. 413, 264 N.W.2d 174 (1978).

## FACTS

On January 26, 1989, at approximately 5:30 a.m., the parties were involved in an automobile-pedestrian accident near the intersection of 108th and Q Streets in Omaha, Nebraska.

Running north and south, 108th Street has one southbound lane and three northbound lanes—one lane for left turns, one lane for traffic continuing north, and one lane for right turns or traffic continuing north. The intersection is controlled by a traffic light, and there is a sidewalk on a portion of the east side of 108th Street.

Fischer was walking north on 108th Street on the right edge of the right-hand northbound lane. Hinkle was operating his automobile north on 108th Street and intended to continue through the intersection with Q Street and proceed north. Despite the fact that there was no other traffic, out of habit Hinkle switched from the middle to the right-hand lane just south of the 108th and Q Streets intersection and immediately collided with Fischer.

At the time of the accident, Fischer was wearing a black leather jacket, blue jeans, and cowboy boots. He was in the right-hand lane, approximately 1 foot from the curb. At this point, there was a sidewalk and shoulder on the east side of 108th Street. Before stepping into the street, Fischer had walked several blocks north on 108th Street, just off the road on the shoulder because there was no sidewalk available. While traveling north on 108th Street, he looked over his shoulder for approaching cars. As he approached the point where the turn lane begins, he believed the street was a better choice for travel because the sidewalk, which began somewhere near this point, and all of the area around it were muddy because the sidewalk had just been installed. It was his intention to travel farther north to the intersection of 108th and Q Streets and cross the street there, at the light.

At the time of the accident, Hinkle was in the right-hand northbound lane of 108th Street, where the speed limit was 35 m.p.h. His headlights were on; his windows were free from fog and ice; and no snow or ice was on the street. The evidence is in dispute as to whether Hinkle saw Fischer before the accident. At one point, Hinkle stated that he had been in the right-hand lane for about a second or a second and a half when he hit Fischer. Police officer David Adams testified that Hinkle told him he was going to work, driving northbound on 108th Street; felt the impact; stopped immediately; and saw that he had

struck a pedestrian.

## DISCUSSION

In appellate review of a summary judgment, we view the evidence in a light most favorable to the party against whom the judgment was granted and give to such party the benefit of all reasonable inferences deducible from the evidence. *Barelmann v. Fox, supra.* Because we must view the evidence in a light most favorable to Fischer and give him the benefit of all reasonable inferences deducible from the evidence, we find there was a genuine issue of material fact as to whether Fischer was contributorily negligent sufficient to bar his recovery.

The trial court based its decision on the depositions of Fischer, Hinkle, and Adams and took judicial notice of Neb. Rev. Stat. §§ 39-642 and 39-646 (Reissue 1988). Section 39-642 is inapplicable because there was no evidence that Fischer suddenly left a place of safety and walked into the path of Hinkle's automobile. Section 39-646 states that it is unlawful for a pedestrian to walk along and upon an adjacent roadway where a sidewalk is provided and its use is practicable, and if a sidewalk is not available, the pedestrian shall walk only on the shoulder, as far as practicable from the edge of the roadway. The violation of this statute, if it applies to Fischer, is not negligence per se, but merely evidence of negligence. *Vanek v. Prohaska*, 233 Neb. 848, 448 N.W.2d 573 (1989); *Hurlbut v. Landgren*, 200 Neb. 413, 264 N.W.2d 174 (1978). As we are required to view the evidence and all reasonable inferences therefrom, the use of the sidewalk and the surrounding area was not practicable.

In *Hurlbut*, a pedestrian was struck as she was walking on the shoulder of a county road. The driver of the car testified that he saw the victim only a split second before the impact and that the pedestrian was then on the traveled portion of the highway. The Nebraska Supreme Court affirmed judgment for the pedestrian and noted that the plaintiff had testified that she was at all times walking on the shoulder, in contrast with the defendant, who testified that the plaintiff was on the roadway. The court stated that it was required to assume that the plaintiff's testimony about where she was walking was true and

that she was within the permitted limits of the statute. *Hurlbut, supra.*

Under Nebraska law, a pedestrian has the legal right to walk longitudinally along the highway, but is required to use reasonable care for his own safety while doing so. *Bassinger v. Agnew*, 206 Neb. 1, 290 N.W.2d 793 (1980). *Bassinger* cited *Caldwell v. Heckathorn*, 176 Neb. 704, 127 N.W.2d 182 (1964), and stated:

> "The plaintiff had a legal right to walk longitudinally along the highway or to stand alongside his car, but in doing so he is required to use reasonable care for his own safety. [Citations omitted.] The question is whether the plaintiff was in the exercise of ordinary care under the circumstances then existing. As we view it, this is a question to be determined by the jury."

*Bassinger*, 206 Neb. at 8, 290 N.W.2d at 797-98. The court held that the questions of defendant's negligence and plaintiff's contributory negligence were questions of fact which should have been submitted to the jury with proper instructions. *Bassinger, supra.* The same is true in the present case, especially in light of the facts which we must infer in favor of Fischer. We cannot say that the trial court was correct in determining that Fischer was contributorily negligent as a matter of law. The standard by which Fischer must be judged is whether he used reasonable care for his own safety. When a person walks on the highway, but stays close to the shoulder, there is some evidence of due care. The proximate cause of the accident and whether the plaintiff exercised due care are questions of fact to be decided by the jury. *Id.*

The Nebraska Supreme Court has held that a pedestrian who was walking down the road with the traffic was not guilty of contributory negligence as a matter of law because a pedestrian has a right to walk longitudinally in the street or highway. *Forrest v. Masters*, 158 Neb. 506, 63 N.W.2d 777 (1954). Where reasonable minds may differ as to the conclusions or inferences to be drawn from the evidence or where there is a conflict in the evidence, such issues must be submitted to the jury. *Gerhardt v. McChesney*, 210 Neb. 351, 314 N.W.2d 258 (1982); *Schuster v. Baumfalk*, 229 Neb. 785, 429 N.W.2d 339 (1988).

We find that in the present case, reasonable minds could differ as to the conclusion concerning whether Fischer was contributorily negligent sufficient to bar his recovery and that such question must be resolved by the jury.

The decision of the trial court granting summary judgment in favor of Hinkle is reversed, and the cause is remanded.

REVERSED AND REMANDED.