## CRINIS v. ALASKA TREADWELL GOLD MINING CO.

(First Division.  Juneau.  January 21, 1918.)

No. 1689-A.

**Discovery** ☜86(3)—Evidence—Motions.

Plaintiff filed her unsupported motion to require defendant to grant inspection of certain papers and documents in its possession, said to contain evidence material to the plaintiff's

·case at the trial.  On objection, *held*, plaintiff is entitled to such inspection and use at the trial.  So ordered.

Plaintiff sues defendant for compensation under the Workmen's Compensation Law (Laws 1915, c. 71), for the death of one Nicholas P. Crinis, alleging that she is the widow of said Nicholas P. Crinis, and that the latter "was in the employ of defendant, and was killed in an accident arising out of and in the course of his employment."

Defendant denies that said plaintiff is the widow of said decedent, and denies that decedent was one of its employees.

Glenn S. Corkery, of Seattle, Wash., and John H. Cobb, of Juneau, for plaintiff.

Hellenthal & Hellenthal and H. L. Faulkner, all of Juneau, for defendant.

JENNINGS, District Judge.  Plaintiff, by her attorney, moves the court to make an order requiring defendant to grant inspection or furnish a copy of certain papers or documents, which, it is alleged, are in possession of defendant and contain evidence material to her case.  The motion is not supported by affidavit, nor is it alleged how, or in what particular, or on what point said papers and documents contain material evidence.  On the hearing of the motion defendant's attorney stated orally that defendant has no such documents as are asked for.  The usual practice is to support the application and the answer by affidavits; but in the absence of any rule on the subject I am not inclined to insist on affidavits either for the making by plaintiff of the application, or for the statement by defendant of nonpossession.

The papers and documents of which inspection is asked are alleged as follows:

"First.  The written agreement between the defendant, the Alaska United Gold Mining Company, and the Alaska Mexican Gold Mining Company, providing for the joint operation under a single management of the mines of the said parties to said agreement.

"Second.  The last three checks for wages given to the plaintiff's intestate, Nick Crinis, prior to his death.

"Third.  A statement made by plaintiff's intestate, Nick Crinis, as to his residence, his status as a married man, and the number of children under 16, etc., made under the provisions of the Workmen's Compensation Act of Alaska.

"Fourth.  The pay roll containing the name of the said Nick Crinis, last signed by him before his death."

It will be observed that plaintiff wishes inspection and permission to take a copy, because, as she says, they contain evidence material to her cause. Inspection is not desired for the purpose of use in the preparation of a pleading, but for use as evidence at the trial.

If the documents mentioned in subdivisions 1, 2, and 4 do in reality exist, I can see how it is probable that they would contain evidence bearing upon the question of employment or nonemployment of decedent by defendant; but I cannot see how the document mentioned in subdivision No. 3, supra, could possibly contain evidence for the plaintiff. The statute says it may be offered by the employer, and when so offered "shall be held to establish" certain facts. Session Laws 1915, p. 156, second paragraph.

I think that under our statute plaintiff is entitled to an inspection of the documents mentioned in subdivisions 1, 2, and 4 for purposes of the trial, if such documents are in the possession of the defendant; but I have been uncertain as to the practice to be followed. Such being the case, the practice in Iasigi v. Brown, Fed. Cas. No. 6,993, commends itself as proper to be followed. There the court said:

"If the notice is made before the trial, the correct practice seems to me to be, after the moving party has made a prima facie case, to enter an order nisi, leaving it for the other party to show cause at the trial. He must then come prepared to produce the paper, if he fails to show cause. I think such an order should be made in this case."

See, also, 17 Cyc. p. 461, top.

The order, therefore, will be that defendant produce, at or before the trial, for inspection, the documents referred to in subdivisions 1, 2, and 4, or then and there show cause why he has not done so.