WILLIAM H. EMEL, ADMINISTRATOR, APPELLEE, V. STANDARD OIL COMPANY, APPELLANT.

FILED JULY 6, 1928. No. 26332.

*W. H. Herdman* and *C. P. Anderbery*, for appellant.

*E. B. Perry* and *King & Bracken, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, and HOWELL, JJ., and PROUDFIT and REDICK, District Judges.

PROUDFIT, District Judge.

This is an action brought by the administrator of a decedent, who sues to recover damages alleged to have been sustained by the death of plaintiff's intestate, and is its second appearance in this court. At the former hearing the case was argued before division No. 2 of the supreme court commission, a judgment of reversal resulting therefrom. After the filing of the opinion by the commission, the plaintiff sought leave to amend his petition in this court and leave so to do was denied. The case was remanded to the district court for further proceedings. Upon the second trial of the action in the district court leave was obtained to amend paragraph 4 of the petition over the objection of the defendant. Paragraph 4 of the original petition alleged:

"That on the 28th day of August, 1922, said Robert Blackburn, while so in the employ of defendant, and while driving said oil truck loaded with oil and gas, again carelessly, negligently and wrongfully invited and permitted the said Johnson A. Emel to enter upon said truck, as had been his custom, for the purpose of accompanying him on a trip distributing oil and gas; that at said time the said Johnson A. Emel, without fault or negligence on his part, fell from said truck to the ground and the wheels of said truck passed over his body, and on account thereof he sustained an injury from the effects of which he died on said same day."

Said paragraph 4 as amended alleges: "That on said 28th day of August, 1922, said Robert Blackburn, while so in the employ of defendant, and while driving said oil truck loaded with oil and gas, again carelessly, negligently and wrongfully invited and permitted said Johnson A.

Emel to enter and ride upon said truck, as had been his custom, for the purpose of accompanying him on a trip distributing oil and gas; that defendant, by its employees and servants, after having invited plaintiff's decedent to ride on defendant's said truck, and while well knowing that said child intended to and was about to take hold of and mount said moving truck, thus having ample time, failed to bring said truck to a stop and failed to warn deceased not to attempt to mount said truck, although there was ample time to do so after defendant discovered, or in the exercise of reasonable care should and would have discovered, the presence of said child and his intentions in regard to mounting said truck, but defendant in fact, suddenly, without warning to said child, and while said child still believed his presence was desired by the defendant on said truck, suddenly, wantonly, wilfully and negligently turned and swerved said truck to the north and away from said child and thereby said child missed his hold on said truck and his footing thereon, fell under said moving truck so negligently driven and managed as hereinbefore alleged, and thereby as a result of defendant's negligence said child received injuries of which he died."

The injury of which plaintiff complains occurred on the 28th day of August, 1922. The original petition was filed June 27, 1924, and the amended petition was filed April 15, 1927, and when the amendment was permitted, the defendant objected thereto for the reason that said amended petition stated a new cause of action and was a departure from the original cause of action as pleaded in the original petition, and at the time the amendment was permitted was barred by the statute of limitations. This objection was overruled and the amendment permitted. The second trial of the case resulted in a verdict and judgment for the plaintiff, and a motion for new trial was filed by defendant and overruled.

From the overruling of said motion the defendant prosecutes an appeal to this court, alleging numerous errors in the proceedings had in the trial court. The errors com-

plained of and argued in brief by counsel are: (1) The court erred in overruling defendant's motion for an instructed verdict; (2) the court erred in giving instruction No. 6 to the jury; (3) the court erred in giving instruction No. 12 to the jury; and (4) the court erred in permitting plaintiff to amend his petition, in that said amendment introduced a new cause of action, which was barred by the statute of limitations.

The errors complained of will be discussed in inverse order. Did the court err in permitting plaintiff to amend his petition? If the amendment introduced a new cause of action, then it should not have been permitted, as the statute provides: "Every such action shall be commenced within two years after the death of such person." Comp. St. 1922, sec. 1383. A cause of action must be distinguished from the subject of the action. It is the right claimed or wrong suffered by the plaintiff on the one hand, and the duty or delict of the defendant on the other. It embraces all the facts which, taken together, are necessary to fix the responsibility. It does not consist in either a duty or obligation, or a failure to discharge that duty, or injury standing alone, but all three of these elements must be combined to give rise to a cause of action. *Westover v. Hoover*, 94 Neb. 596. In *Johnson v. American Smelting & Refining Co.*, 80 Neb. 256, it is held: "A cause of action alleged in an amended petition, although founded upon the same injury as that described in the original, is a different cause of action, if it is dependent entirely upon different reasons for holding the defendant responsible for the wrong alleged." And in the discussion of the *Johnson* case, at page 258, it is said: "A cause of action in any case embraces, not only the injury which the complaining party has received, but it includes more. All the facts which, taken together, are necessary to fix responsibility, are parts of the cause of action." Such being the rule established in this jurisdiction, it would appear that error was committed in permitting the petition to be amended.

Instruction No. 6 informs the jury: "If you find from

the evidence that the defendant was guilty of negligence, you will then determine from the evidence whether the deceased was guilty of negligence. If you find that both were negligent, then it is your duty to fix the degree of the deceased's negligence as compared with that of the defendant. If you find from the evidence that each was guilty of an equal degree of negligence, or that the negligence of the deceased was greater than that of the defendant, then you should in either event return a verdict for the defendant. If, however, you find from the evidence that the defendant's negligence was gross and the deceased's negligence was slight, then the slight negligence of the deceased would not defeat his recovery in this action, but in making up your verdict you should consider such contributory negligence of the deceased in mitigation of the damages in proportion to the amount of the contributory negligence attributable to the deceased when compared to the combined negligence of the deceased and defendant."

This instruction, taken as a whole, cannot be said to be a misstatement of the law of comparative negligence. However, it may be criticized as not being as full a statement of the law as the defendant was entitled to have submitted to the jury. It cannot be questioned that, if the negligence of the decedent was equal to or greater than that of the defendant, the plaintiff would not be permitted to recover, but the instruction may justly be challenged as to this portion, in that it apparently leaves the question of negligence in such condition that the jury would be justified in concluding that, if the negligence of the decedent did not equal or exceed that of the defendant, then the plaintiff would be entitled to recover; whereas, the rule is that if, in comparing the negligence of the parties, the contributory negligence of the plaintiff (decedent in this case) is found to exceed in any degree that which, under the circumstances, amounts to slight negligence, or if the negligence of defendant falls in any degree short of gross negligence under the circumstances, the contributory neg-

ligence of plaintiff (decedent in this case), however slight, will defeat a recovery. *Morrison v. Scotts Bluff County*, 104 Neb. 254. And the defendant was therefore entitled to have the instruction on comparative negligence submitted in this form. Instruction Number 6, therefore, while it cannot be said to be a misstatement of the law, may properly be criticized as not being a full and accurate statement of the law of comparative negligence as heretofore laid down by this court. It may well be said in passing that the opinion of this court in *Morrison v. Scotts Bluff County, supra,* affords trial courts a safe guide for instructing on the rule of comparative negligence.

Counsel for defendant complains of instruction No. 12 as being contradictory and in conflict with instruction No. 6. The conflict between these two instructions, if any, need not be considered, for the reason that there is a more serious error than that in instruction No. 12. In this instruction the jury are informed that, if they find that the plaintiff is entitled to recover, their attention must then be turned to the measure of damages, "and, in arriving at such amount, you should take into consideration the expectancy of life of each of the parents and their probable need of assistance in the future." The writer knows of no case in the books that permits the need of assistance to be a measure of damages, and the presumption is that the need of the parents in this case might have been a powerful factor in influencing the jury to arrive at the verdict they did. This instruction in itself would be sufficient to call for a reversal of the case.

A careful review of the evidence in this case convinces the court that no actionable negligence was proved against the defendant, and, as negligence can never be presumed, but must always be proved, it necessarily follows that a verdict should have been directed for the defendant. The judgment of the trial court herein is reversed and the action dismissed.

REVERSED AND DISMISSED.