31817, 31830. ROGERS, administrator, *v.* HIME; and *vice versa.*

TOWNSEND, J. 1. Before the personal representative of a deceased person can recover in a suit brought on behalf of the next of kin, for a homicide, it must be alleged and proved that the deceased contributed to the support of the person for whom the suit is brought, and that such person was dependent on the deceased. Both dependency and contribution are prerequisite to recovery. Code, § 105-1309; *Clay* v. *Central Railroad & Banking Co.,* 84 *Ga.* 345 (10 S. E. 967); *Kent* v. *Consumers Co.,* 47 *Ga. App.* 213 (170 S. E. 202).

2. In order to entitle a brother to recover for the wrongful death of a deceased brother, contribution must have been made to such brother by such deceased brother, and he must be dependent upon such deceased brother to some extent for such contribution at the time of the death of the deceased. See *Western & Atlantic R.* v. *Anderson,* 34 *Ga. App.* 435 (129 S. E. 896); *Fuller* v. *Inman,* 10 *Ga. App.* 688 (74 S. E. 287); *Wilson* v. *Pollard,* 190 *Ga.* 78 (8 S. E. 2d, 380).

3. The burden of proof being upon the plaintiff, the evidence must affirmatively show that the incomes of the alleged dependents, being two brothers and a sister, are not sufficient to adequately support them, before they are entitled to recover for the homicide of their brother. See *Ga. Railroad & Banking Co.* v. *Spinks,* 111 *Ga.* 571 (36 S. E. 855); *Atlantic Coast Line R. Co.* v. *McDonald,* 135 *Ga.* 636, 7 (a) (70 S. E. 249).

4. The evidence was not sufficient to authorize a finding that any one of the three for whose benefit the suit was brought was dependent in any measure upon the deceased for support at the time of the death of the deceased. Therefore the judgment granting a nonsuit was without error. This decision renders the order of the judge overruling the demurrers interposed by the defendant moot, and a decision thereon unnecessary. Therefore the cross-bill of exceptions is dismissed.

*This case was considered and decided by the whole court. Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Sutton, C. J., MacIntyre, P. J., Felton, Gardner, and Parker, JJ., concur.*

DECIDED FEBRUARY 5, 1948. REHEARING DENIED FEBRUARY 19, 1948.

*J. H. Paschall, R. F. Chance,* for plaintiff.
*J. G. B. Erwin, Pittman & Hodge,* for defendant.