FRED W. NOBLE, appellant, v. WILLARD DETOUR EDBERG, appellee.

Consolidated with:

FRED W. NOBLE, administrator of estate of Nancy Ellen Noble, deceased, appellant, v. WILLARD DETOUR EDBERG, appellee.

No. 49814.

(Reported in 98 N.W.2d 741)

October 20, 1959.

Ryan & Ryan and Lehan T. Ryan, all of Des Moines, for appellants.

James A. Lorentzen and Frank S. Fillmore, both of Des Moines, for appellee.

OLIVER, J.—Nancy Ellen Noble, age six years, was struck, knocked to the pavement and fatally injured by defendant's automobile in a street intersection in Des Moines. Separate actions for damages for her wrongful death were instituted against defendant operator of the automobile by the child's father in his individual capacity and as administrator of her estate, and were later consolidated. Trial resulted in a verdict and judgment for defendant. Plaintiffs have appealed.

Plaintiffs' petition alleged defendant was negligent: (1) In failing to have his car under control; (2) in failing to keep a proper lookout, and (3) in operating his automobile at an unlawful and excessive speed. "That the aforesaid negligence of the defendant was the proximate cause of the said injuries and death of the said minor child and the damages to this plaintiff resulting therefrom. That at the time and place set forth above the plaintiff [child] was free from contributory negligence." The instructions to the jury set out these allegations, in substance, and stated also that defendant admitted the formal allegations of the petition and admitted the child stepped in front of and was struck by his automobile at the intersection of the paved highway, and that defendant denied the other allegations.

Instruction No. 6 recited it appeared from the undisputed evidence Nancy was not seven years of age at the time of the accident and therefore was conclusively presumed to be incapable of contributory negligence; that this presumption was not rebuttable "and you will presume that she was free from contributory negligence."

Instructions Nos. 7 and 8 stated in part that the burden of proof rested upon plaintiffs to establish, by a preponderance of the evidence, that defendant was guilty of one or more of the pleaded acts of negligence, and: "That such negligence was the proximate cause of the accident referred to and the resultant death of Nancy Ellen Noble."

Instruction No. 12 referred to the prior instruction that Nancy was conclusively presumed to have been incapable of contributory negligence and stated if the jury found defendant was negligent in any of the respects charged then it should determine whether such negligence was the proximate cause

of the accident and resulting damage, if any, to plaintiffs, from her death. It continued:

"The mere negligence, if any, of the defendant in the operation of his motor vehicle at the time and place in question would not be sufficient to warrant a recovery for the plaintiff against the defendant unless you further find by a preponderance or greater weight of the evidence that such negligence was the direct and proximate cause of the accident and resultant damages, if any, to the plaintiff because of the death of Nancy Ellen Noble."

I. Appellants made objections to the provisions of the foregoing instructions which placed upon them the burden of proving not only that defendant was guilty of one or more of the alleged acts of negligence, but also that such negligence was the proximate cause of the accident and resultant damage. Error is assigned to the overruling of such objections and the giving of such instructions. Appellants concede that in an ordinary case it is the law of Iowa that a defendant's negligence must be a proximate cause of a plaintiff's injury before defendant may be held liable, but they contend the rule is otherwise where the injured person is a child under seven years of age. They argue: "In such a case the only question for the jury is whether the defendant was negligent, because the child cannot be."

We do not agree with either this conclusion or reasoning. Plaintiffs' freedom from contributory negligence and defendant's negligence with the essential requirement of proximate cause are separate and distinct propositions which, under our practice, plaintiffs must prove to recover. However negligent a defendant may have been, he will not be liable to a plaintiff in damages unless such negligence was the proximate cause thereof. An admission by a defendant or a conclusive presumption of plaintiff's freedom from contributory negligence will not affect the requirement that plaintiffs prove defendant's negligence and that it was the proximate cause of the accident and damage.

The text in 65 C. J. S., Negligence, section 104, page 651, states:

"Considerations of justice and public policy require that

a certain degree of proximity exist between the act done or omitted and the harm sustained, before legal liability may be predicated on the 'cause' in question."

Nor do our decisions support appellants' contention. Luse v. Nickoley, 231 Iowa 259, 263 to 266, 1 N.W.2d 205, 207, 3 N.W.2d 503, 505, was an action for damages for the alleged wrongful death of a five-year-old boy struck by defendant's automobile while crossing a paved street. The decision states:

"There is evidence that the car was being driven at an excessive rate of speed but that alone would not permit recovery unless it appeared that the excessive speed was the proximate cause of the injury."

This statement is followed by the citation and discussion of various supporting decisions which will not be set out here.

In Darr v. Porte, 220 Iowa 751, 755, 263 N.W. 240, 242, cited by appellants, a five-year-old girl crossing a highway was struck by defendant's automobile. The court stated:

"We are satisfied that the question of defendant's negligence and the question of such negligence being the proximate cause of the injury to the plaintiff were for the jury."

In Schlotterbeck v. Anderson, 238 Iowa 208, 210, 211, 26 N.W.2d 340, the injured child was three and one-half years of age. The decision approved findings of the trial court that defendant was negligent in failing to have his car under proper control and his negligence was the proximate cause of the injury.

An earlier case, Borland v. Lenz, 196 Iowa 1148, 1149, 194 N.W. 215, was for the wrongful death of a boy under six years. The court there stated: "To predicate liability some proximate negligence on the part of the defendant must be pleaded and proved. This is a jural postulate."

Although subsequent cases, beginning with Webster v. Luckow, 219 Iowa 1048, 258 N.W. 685, have modified some other rules followed in the Borland case, the rule above-quoted has not been changed. Our decisions appear to be in accord with the general rule, stated by texts, that in negligence actions the proximate cause of an injury must be determined as a question of fact by the jury except where the facts are undisputed and are susceptible of only one inference. 53 Am.

Jur., Trial, section 233; 65 C. J. S., Negligence, sections 264, 265 and 104. And this rule is applicable, although the negligence charged constitutes a violation of statute or ordinance, even when such violation is held to be negligence per se. 65 C. J. S., Negligence, sections 264 and 105.

The record on appeal in this case does not contain any of the evidence presented in the trial and defendant's answers denied most of the material allegations of plaintiffs' pleadings, admitting the formal allegations, and that defendant was operating his automobile in a southerly direction at the time and place in question, Nancy was standing on the southwest corner of the intersection, stepped from the curb and into the path of defendant's automobile and was struck.

■ Without the evidence this court could not, in any event, consider allegations of fact pleaded by plaintiffs and denied by defendant. We hold the exceptions to the instructions on proximate cause were not meritorious.

■ II. Another error assigned by appellants is:

"The court erred in giving just the uniform adult instructions on control and lookout, and failing to instruct how they would apply to this case and a child of six years. And in failing to maintain a fair balance between the parties and placing an unfair burden on the plaintiffs in its definitions of control and lookout as applied to this case."

Appellants' notice of appeal states, in part:

"The appeal being limited to whether the court properly instructed the jury that for a verdict for the plaintiffs the jury must not only find the defendant guilty of one or more of the specifications of negligence, but they must also find this negligence of the defendant was the proximate cause of the injury and death of Nancy Ellen Noble and the damages to the plaintiffs, and whether such instructions placed too heavy a burden on the plaintiffs, and failed to maintain a proper balance between the parties, and whether a new trial should be granted in the interest of justice under the broad powers of the Supreme Court. The jury having been properly instructed that deceased was only six years of age and conclusively presumed free from contributory negligence, and the defendant having pled by way of answer, only a general denial."

This notice states the appeal is limited to the assigned error hereinbefore disposed of, and, "whether such instructions placed too heavy a burden on the plaintiffs, and failed to maintain a proper balance between the parties." Hence, the notice would limit this phase of the appeal to the indefinite complaint just quoted.

Nor were appellants' exceptions to these instructions specific. We quote:

"Now, as to the next instruction in regard to control of a motor vehicle, we except to this in that as far as it goes, it's all right, but it does not exemplify the question of control to the extent set forth in the opinions of our Supreme Court or the obligation of the driver of the automobile so as to come within that specification of negligence.

"The next instruction, it is just a stock, more or less, on lookout, and we believe there again that it should be exemplified so that the jury may be better advised as to what constitutes lookout, especially in a case like this where there was a clear and unobstructed view of the child for some distance, and that the evidence is that the child was standing on the curb next to the paving, and that the instruction should come closer to the facts in this case in regard to a child standing in her position."

There is nothing in the record on appeal to show whether the child was visible as stated in the foregoing exception. Hence, this part of the objection may not be considered. It may be observed that in oral argument counsel for appellee asserted the evidence showed the child was not visible until she stepped into the paved street.

Rule of Civil Procedure 196 requires that all objections to giving or failing to give any instruction specify the matter objected to and on what grounds and that no other ground or objections shall be considered on appeal. Appellants' exceptions to the instructions on control and lookout do not comply with the requirement that they specify the matter objected to and on what grounds. Hence, they present nothing for review. Ritter v. Andrews Products & Supply Co., 250 Iowa 297, 301, 93 N.W.2d 787, 790; Jurgens v. Davenport, R. I. & N.W. Ry. Co., 249 Iowa 711, 718, 719, 88 N.W.2d 797.

1338

III. Appellants assign error to the failure of the trial court to make a separate ruling on each ground of their motion for new trial as required by R. C. P. 118. The record shows the motion, "and each and every ground thereof, overruled." There was no prejudicial error here. Pansegrau v. Collins, 247 Iowa 632, 636, 75 N.W.2d 249.

The judgment is affirmed.—Affirmed.

All Justices concur.