BETTY E. NOBLE, appellant, v. WILLARD DETOUR EDBERG, appellee.

No. 50130.

(Reported in 106 N.W.2d 102)

NOVEMBER 15, 1960.

Ryan & Ryan and Rodney J. Ryan, of Des Moines, for appellant.

Whitfield, Musgrave, Selvy, Fillmore & Kelly, of Des Moines, for appellee.

PETERSON, J.—Nancy Ellen Noble, age six years, was struck and fatally injured by defendant's automobile at the intersection of Southeast Fourteenth and Maury Streets in Des Moines at about 3 p.m. on the twelfth day of September, 1958.

Nancy Ellen's father, Fred W. Noble, filed action personally for damages suffered by the father for wrongful death, and also as administrator of her estate for damages to the estate. The cases were consolidated for trial. Trial resulted in verdict

and judgment for defendant. Plaintiff appealed and the judgment of the trial court was affirmed. See Noble v. Edberg, 250 Iowa 1331, 98 N.W.2d 741.

Betty E. Noble, mother of Nancy Ellen, commenced this action against Mr. Edberg alleging that she is an indigent person, and that under section 252.2, 1958 Code, she has a cause of action against the alleged third-party tort-feasor for damages by reason of loss of support from Nancy Ellen upon her reaching majority. Plaintiff again alleges negligence upon the part of defendant in the operation of his motor vehicle and thereby causing the death of her minor daughter.

Defendant filed motion to dismiss on following grounds:

First: plaintiff failed to state cause of action, it appearing she based her claim on the provision of section 252.2, which statute does not provide for recovery in an action against a third person.

Second: that under said statutory provision the right to enforce the obligation at law as against any relative for assistance to an indigent person is created only to the township trustees.

Third: that the decision in the case of Fred W. Noble v. Edberg, supra, in the Supreme Court of Iowa is res judicata, and bars recovery by plaintiff.

The court sustained paragraphs 1 and 2 of defendant's motion, and overruled paragraph 3. Plaintiff appealed.

I. As to the legal question involved, this is a case of first impression in Iowa. There is no common-law basis for an action of this type. In fact, under the common law, children could not be held responsible for or to indigent parents. Allen v. Trester, 112 Neb. 515, 199 N.W. 841; 39 Am. Jur., Parent and Child, section 70.

Appellant's case is based solely on section 252.2. The pertinent provisions of the section are: "The * * * children of any poor person * * * shall * * * maintain such person as * * * the township trustees * * * may direct."

The only manner in which a third-party tort-feasor can become liable directly to a parent of a deceased child is by clear statutory authority.

The question has received consideration in several cases by the Supreme Court of Nebraska. Nebraska statutes are somewhat similar to ours as to indigent parents, although broader in scope as to direct suit by an indigent person. Emel v. Standard Oil Co., 117 Neb. 418, 220 N.W. 685; Allen v. Trester, supra; Spomer v. Allied Electric & Fixture Co., 120 Neb. 399, 232 N.W. 767; Dorsey v. Yost, 151 Neb. 66, 36 N.W.2d 574, 14 A. L. R.2d 544.

The above cited cases have established the principle in Nebraska that under such circumstances there is no liability on the part of third-party tort-feasors.

Allen v. Trester, supra, was an action brought by Margaret Allen, surviving parent, to recover damages sustained by reason of personal injuries suffered by her minor son, Delbert Allen, alleged to have been caused by negligence of the defendants. She alleges she is a poor person, dependent upon her son, and he has been precluded by his injuries from supporting her. The court said at pages 522, 523 of 112 Neb., page 844 of 199 N.W.:

"Section 5140, Comp. St. 1922, after declaring the liability, inter alia, of a son for the support of his indigent parent, if of sufficient ability, and that every person who shall refuse to support the indigent relative named, when directed by the county board, shall pay the county board not exceeding $10 a week. 'And provided, further such poor person entitled to support from any such relative may bring an action against such relative for support in his or her own name and behalf.' This fixes a legal liability upon the son which can be enforced either by the county board, when the conditions have been complied with, or by a direct suit by the 'poor person.' There is no new right of action granted against third persons by this act. No such action is known to the common law. The cases cited by appellant to support a right of action for this cause, with two exceptions, were brought under statutes which expressly confer the right, and the expressions used in each of these cases on this point are pure obiter dictum. * * *

"If the pauper statute had expressly provided that a parent should have a right of action against a negligent employer, if the result of the injury interfered with his right of support

from his child, whether of full age or not, the condition would be different. To sum up, at common law no such right of action existed, and no statute having been enacted creating such right, it does not exist."

In Spomer v. Allied Electric & Fixture Co., supra, the court stated at page 402 of 120 Neb., page 769 of 232 N.W.: "The legal liability of an adult son to support his parents does not extend beyond the terms of the statute. The right to enforce the obligation at law is granted to the county board and to the indigent person in an action against the relative who fails to perform the statutory duty, but the statute does not provide for a recovery in an action against a third person."

██ 39 Am. Jur., Parent and Child, section 70, states: "At common law an adult child is under no duty or obligation to contribute to the support of his parents. Whatever duty rests on him in this respect must be based upon either contract or statute."

II. Appellant bases her contention on the fact that a few states have held that the statutory duty of adult children to support indigent parents may be taken into consideration, in determining whether damages shall be awarded to parents in an action for the death of a minor.

Typical cases are Thompson v. Ogemaw County Board of Road Commrs., 357 Mich. 482, 98 N.W.2d 620; Henke v. Peyerl, N. D., 89 N.W.2d 1.

In each state the statutes are broader than ours, and the courts have placed a more liberal interpretation on them than that of the Nebraska court.

In the Michigan case, involving a fifteen-year-old daughter, the so-called death statute provided (page 488 of 357 Mich.): " '* * * the court or jury may give such damages, as the court or jury shall deem fair and just, with reference to the pecuniary injury resulting from such death, * * *.' " Under this statutory provision the court instructed (page 486): " 'Now so far as damages that you may find after she would have reached the age of 21 years, they would be computed and allowed for such period of time as you may find a condition of dependency on the part of the parents to exist, * * *.' "

In the North Dakota case, involving the death of a 13-year-old girl, the court said (page 10 of 89 N.W.2d): "A duty is imposed upon the child of a person who is unable to maintain himself, to maintain the parent to the extent of his or her ability. Section 50-0119, N. D. R. C.1943." In wrongful death actions, the North Dakota statute provides: " '* * * the jury shall give such damages as it finds proportionate to the injury resulting from the death * * *.' " Section 32-2102, N.D.R.C.-1943. On the basis of this statutory provision the trial court permitted this phase of damages to be included in the instructions.

██ Under the restricted provisions of the Iowa statute we will join in the interpretation of the Nebraska Supreme Court, holding nonliability. We cannot base such an action on the indirect and far-removed provisions of section 252.2.

III.  Appellee further contends under said section the action must be by the board of trustees, on behalf of the indigent person. This is a correct conclusion, but in view of our decision on the broad principles involved, it is not necessary to discuss this contention.

The order sustaining the motion to dismiss the case is affirmed.—Affirmed.

All JUSTICES concur.