201 So.2d 641 (1967)
Edward A. WADSWORTH, Appellant,
v.
Margaret Ryan FRIEND, Appellee.
No. 562.
District Court of Appeal of Florida. Fourth District.
July 28, 1967.
*642 John R. Beranek, of Jones, Adams, Paine & Foster, West Palm Beach, for appellant.
Kirk Sullivan and Harry Lee Anstead of Sullivan & Anstead, West Palm Beach, for appellee.
MINNET, JAMES F., Associate Judge.
E.A. Wadsworth, defendant, files an appeal from a final judgment entered in favor of plaintiff, Margaret Ryan Friend. The appeal seeks review of a dual question of (a) whether the plaintiff was a dependent under the wrongful death statute and (b) whether the trial court erred in excluding evidence concerning collateral source funds which the plaintiff, after the death of her mother, received by way of divorce settlement in the amount of $14,800 from her estranged husband who had a legal duty to support her but had not done so since 1958.
Margaret Ryan Friend, plaintiff, age 42, has suffered with rheumatoid arthritis since the age of 15. She is one hundred per cent disabled, completely dependent upon others, confined to a wheel chair or bed all of the time and requires assistance in and out of bed as well as for personal requirements. Following the death of her mother and having no one to aid her she placed herself in a nursing home. From 1952 to 1958, plaintiff underwent a series of operations, the medical expenses of which were paid out of her husband's medical insurance policy. From 1958 forward the husband contributed nothing toward her support and plaintiff's parents provided total support. On May 21, 1964, her father died after which her mother, Helen Ryan, assumed not only the complete financial burden of plaintiff's care and support but also the personal attention.
The lawsuit arose out of an automobile accident on January 8, 1965, which resulted in the death of the mother on January 17, 1965, and action was brought under Florida's Wrongful Death Statute claiming that the plaintiff was dependent upon her mother for support. The trial court denied a motion for directed verdict on the issue of dependency, which question was submitted to the jury for determination. In addition, the court excluded "collateral source fund evidence" concerning a $14,800 *643 settlement received from the husband after the death of the mother in lieu of alimony.
The status of dependency is and should be determined by factual circumstances existing at the time of the death. Florida, like almost all of the states, follows the general rule that damages for wrongful death are based upon pecuniary loss at the time of death. (See 30 A.L.R. 121)
In Duval v. Hunt, 1894, 34 Fla. 85, 100, 15 So. 876, 881, the Supreme Court of Florida points out clearly that the dependency must be determined upon facts and we quote in part from that decision:
"We think that when the suit is brought by a person who bases his right to recover upon the fact that he is a dependent upon the deceased for support, then he must show, regardless of any ties of relationship or strict legal right to such support, that he or she was, either from the disability of age, or nonage, physical or mental incapacity, coupled with the lack of property means, dependent in fact upon the deceased for a support. There must be, when adults claim such dependence, an actual inability to support themselves, and an actual dependence upon some one else for support, coupled with a reasonable expectation of support, or with some reasonable claim to support, from the deceased."
Turning now to the question of collateral source funds, the rule is discussed in Paradis v. Thomas, Fla. 1963, 150 So.2d 457, and numerous references are cited therein. Florida aligns itself with that view which rejects evidence from collateral sources to mitigate damages. Here the defendant claims that the divorce settlement, subsequent to the death of the mother, should have been submitted to the jury to be considered by them in the reduction, if any, of the award. We do not agree. Finding no reversible error the judgment of the trial court is affirmed.
ANDREWS and CROSS, JJ., concur.