**Barbara Southerwick SCHALL, Appellant,**

**v.**

**Lynn Clayton LORENZEN, Appellee.**

**No. 53244.**

Supreme Court of Iowa.

April 8, 1969.

W. Lawrence Oliver, Des Moines, for appellant.

Philip H. Cless, Des Moines, for appellee.

BECKER, Justice.

Plaintiff brought this action for personal injuries as a result of an intersection automobile collision. The case was tried to a jury and a verdict was returned for defendant. Plaintiff appeals. We affirm.

The facts of the accident are as follows: On October 18, 1966 during the morning rush hour, plaintiff was a passenger in her sister's car traveling south on Beaver Avenue in Des Moines. As they approached the green light at the intersection with Douglas Avenue, it was raining enough to have the windshield wipers on, and plaintiff's sister, Miss Southerwick, slowed her car from 20 to 15 miles per hour. In the left southbound lane of Beaver there was a line of cars stopped and waiting for northbound traffic on Beaver to pass so they could turn left (east) on Douglas. Plaintiff's sister proceeded straight south on Beaver, taking the right lane into the intersection.

Defendant Lorenzen testified he had been traveling north on Beaver. He had stopped in the left lane of Beaver at the intersection of Beaver and Douglas to make a left turn onto Douglas. The view of both drivers was obscured by the line of cars seeking to turn left. Defendant was turning across the southbound lane of Beaver Avenue as Miss Southerwick proceeded through the intersection and struck defendant's car.

Plaintiff's driver testified she saw the Lorenzen car when it was about two feet from her; plaintiff testified defendant was about three feet away when she saw him and defendant Lorenzen testified he first saw the Southerwick car when it was about 7 or 8 feet away. The Southerwick car struck defendant's car on the right side and pushed it into a Rambler driven by a man named Fehrle.

Plaintiff's specifications of negligence included failure to keep a proper lookout, failure to have defendant's car under control and in making an improper turn. These specifications were submitted to the jury.

As an affirmative defense, defendant plied: "* * * Defendant states that Plaintiff was guilty of contributory negligence as a proximate cause to their claimed injuries and damages in failing to keep a proper lookout and warn the driver of the car in which she was riding of the presence of Defendant's automobile in front of the car in which she was riding."

This defense was recognized by the court when it outlined the issues to the jury and when it instructed the jury in instruction No. 10 as to defendant's burden to prove his specification of plaintiff's negligence and that the alleged negligence was a proximate cause of the collision. Further instruction concerning plaintiff's negligence was instruction No. 11 which first told the jury the driver's negligence, if any, could not be imputed to plaintiff under the circumstances of this case, and added; "As a passenger in the car she was

required to exercise reasonable care and prudence for her own safety; such care and prudence as an ordinarily prudent and cautious person would exercise under the same or similar circumstances. Although she was entitled to rely on the skill and judgment of the driver within reasonable limits, she was not entitled to completely surrender her care to the driver. If the exercise of reasonable care and prudence under the circumstances required her to take any particular precaution to avoid injury, then she was under the legal duty to take such precaution and failure on her part to do so would constitute negligence."

The giving of the quoted portion of instruction No. 11, exclusion of certain medical testimony and failure to grant a new trial on proper motion constitute plaintiff's assignments of error. The record in connection with these assignments will be more fully explored in considering them.

I. Rule 196, Rules of Civil Procedure, reads in pertinent part: "* * *, all objections to giving or failing to give any instruction must be made in writing or dictated into the record, out of the jury's presence, specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal. * * *."

In referring to the provisions of rule 196 in Wilson v. Kouri, 255 Iowa 348, 352, 353, 122 N.W.2d 300, 302, we say: "The criterion is whether the exception taken alerted the trial court to the error which the appellant is now urging. Appellant has gone one step beyond the exception taken to the instruction prior to its submission to the jury. The important part of the contention now urged by appellant was not mentioned in the exception. The exception was of no assistance to the trial court as to the matter now argued."

■ An objection to an instruction must point out wherein the instruction is wrong so the trial court may correct it. Briney v. Tri-State Mutual Grain Dealers Fire Ins.

Co., 254 Iowa 673, 689, 117 N.W.2d 889; Noble v. Edberg, 250 Iowa 1331, 1337, 98 N.W.2d 741.

Plaintiff's objections to the trial court's instructions were: "Mr. Oliver: Comes now the plaintiff in the case now on trial and objects to Instruction No. 11 as not being the law governing the facts in the case on trial and entitled Barbara Southerwick Schall against Clayton Lorenzen, there being no evidence in this case placing the burden upon the plaintiff to exercise care and prudence for her own safety.

"That the plaintiff objects to Instruction No. 12 as there not being any evidence at all in this case that the driver of the automobile in which the Plaintiff was riding did anything that was unlawful or that would constitute negligence, the failure to exercise ordinary care in this case now on trial.

"That completes the objections on the part of the plaintiff to the instructions as now presented by the Court in this case."

■ The objection to instruction No. 11 is an incorrect statement of the Iowa law. "Plaintiff's duty as a passenger was to exercise reasonable care for her own safety under the circumstances." Glandon v. Fiala, Iowa, 156 N.W.2d 327.

Plaintiff now argues to this court: "Taking all of the evidence into consideration there isn't a scintilla of evidence that the plaintiff did something or failed to do something that would cause her to be contributorially negligent in this case and to submit instructions 11 and 12 by the Court after objection had been made by plaintiff was prejudicial error to plaintiff. * * *."

■ We cannot agree. At trial plaintiff argued she had no duty to exercise reasonable care. She did not claim there was no evidence that she failed to exercise reasonable care. This matter is of particular importance because the burden to prove plaintiff's negligence and proximate causal connection has recently been shifted to the

defendant by statute. (Iowa Code, section 619.17.) If plaintiff's objection at trial was the same as urged here; i.e., there was a failure to meet defendant's burden of proof on an affirmative defense, her position should have been made clear to the court. This could have been accomplished either by motion to withdraw issues or by objection to the instructions in such form as to call the attention of the court to the real reason for the objection. This was not done.

In passing on the sufficiency of the record where a requested instruction has been refused we have held the question is not whether the requested instruction is technically perfect but whether the attention of the court has fairly been called to the problem so that he may correctly instruct the jury. Silvia v. Pennock, 253 Iowa 779, 783, 113 N.W.2d 749; Oltmanns v. Driver, 252 Iowa 1066, 1069, 1070, 109 N.W.2d 446. This is the proper standard in connection with evaluation of any exception to instructions.

The difficulty here is that a fair reading of the record fails to reveal information to alert the trial court to plaintiff's present objection based on a failure to meet the burden imposed by the affirmative defense.

II. We do not now determine whether there was substantial evidence to support defendant's affirmative defense that plaintiff was herself negligent. Nor are we to be taken as approving instruction No. 11 as it relates to the facts of this case. The instruction is a correct abstract statement of the Iowa law but no effort was made to relate the statement to the facts presented or to the burden imposed by section 619.17 of the Code. See Gibbs v. Wilmeth, Iowa, 157 N.W.2d 93. The record made in the trial court precludes review of such issues.

III. We do not understand plaintiff's objection to instruction No. 12 and plaintiff does not argue the matter fully in her brief and argument. The court told the jury that each driver had the right to the use of the highway and to assume the other would observe the law until he or she knew, or should have known, otherwise. It is the familiar, oft-used instruction. It does not affect defendant's claim plaintiff was negligent and could not have been misinterpreted by the jury. There was no error in this regard.

IV. Plaintiff also complains of the exclusion of Dr. Blair's testimony as to the cost of future surgery on plaintiff's right knee. Our examination of the record convinces us the foundation proof of reasonably probable future medical expense was so weak that the trial court acted properly in refusing to admit the testimony. In any event, since the jury disposed of the case on liability grounds, the error, if any, was nonprejudicial.

V. Plaintiff's final assignment relates to failure to grant a new trial on grounds of (1) insufficient competent evidence, (2) the verdict was contrary to law, (3) is the result of passion and prejudice, (4) does not effectuate substantial justice, and (5) on the whole record a new trial should have been granted.

In Rice v. McDonald, 258 Iowa 372, 138 N.W.2d 889, 894, we said: "IV. Finally, appellants contend the trial court erred in overruling their motion for a new trial. The rule is well established that the trial court has wide discretion as to such a motion, and it is only when the evidence clearly shows it abused that discretion that we will interfere." The discretion recognized is a sound judicial discretion and is not unlimited. Fetters v. City of Des Moines, Iowa, 149 N.W.2d 815, 821.

We have carefully reviewed the record and do not find the trial court abused its discretion in overruling plaintiff's motion for a new trial.

Affirmed.

All Justices concur.