Effie MONTGOMERY, Appellant,

v.

IOWA DEPARTMENT OF SOCIAL
SERVICES, Appellee.

No. 55653.

Supreme Court of Iowa.

July 3, 1973.

Canning, Correll & Sheerer, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Lorna Lawhead Williams, Sp. Asst. Atty. Gen. and Thomas R. Hronek, Asst. Atty. Gen., for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP, and McCORMICK, JJ.

UHLENHOPP, Justice.

The problem in this case relates to consideration of restricted funds in connection with aid to dependent children (ADC).

During the period in question, Mrs. Effie Montgomery lived with her six minor children. She received ADC. Her own earnings amounted to $305.25 per month (all figures are monthly). Her son Anthony was entitled to $126.40 social security benefits based on earnings of his deceased father. Mrs. Montgomery received those social security benefits as Anthony's representative payee. Anthony's basic needs were $62.

A hearing was held by the Iowa Department of Social Services (the Department) regarding the effect of Anthony's social security benefits on the amount of ADC for the family. Mrs. Montgomery claimed that she had a right to have both Anthony and his social security benefits disregarded in connection with ADC. The Department ruled that Mrs. Montgomery did have a

right to have Anthony excluded for ADC purposes, but that the amount of Anthony's social security benefits in excess of his basic needs would be deducted from the ADC ($126.40 social security benefits less $62 basic needs of Anthony or $64.40 deducted from ADC). See Iowa Dept. of Soc. Serv. Employees Manual, V–5–32, ¶10 (1071). Mrs. Montgomery appealed the Department's order to district court, which affirmed. She then appealed to this court.

Mrs. Montgomery's claim has two facets: first, whether she is entitled to have Anthony disregarded in connection with ADC, and second, whether, if Anthony is thus disregarded, she is entitled to have his social security benefits also disregarded.

As to the first facet, we think that under the interpretations of the United States Department of Health, Education & Welfare (HEW), Mrs. Montgomery has an undoubted right to receive no payment of ADC on account of Anthony and yet to receive ADC for the rest of the family. To that extent Mrs. Montgomery is right that Anthony may be disregarded for ADC purposes. HEW Social & Rehabilitation Service State Letter No. 1088 (Sept. 25, 1970). See Collins v. White, No. C 69–830 (3–judge U.S. Dist. Ct., N. Dist. Ohio, unreported). But Mrs. Montgomery's right in this respect is not to be confused with a different matter—consideration of Anthony's actual presence in the family in the arithmetical computation of the ADC grant. As to that matter, a distinction must be taken between (a) counting a person in the family in computing an ADC family grant and (b) ascertaining the amount of the grant actually to be paid. The Department's charts show that per-person amounts of basic needs vary with family size. Hence the Department may include the actual family membership when arithmetically computing the grant, although one or more members' portions are deducted in making actual payment of ADC—as where, like Anthony, they have available resources of their own in excess

of their basic needs. See 45 CFR § 232.-20(a)(3)(ii)(c).

▉ We hold on the first facet of Mrs. Montgomery's claim that she has a right to receive no ADC for Anthony although she receives ADC for the rest of the family. We do not decide the reverse question— whether she does have a right to ADC for Anthony notwithstanding his entitlement to social security benefits or how the social security benefits would be treated in that situation. With regard to that, see 42 U.S.C.A. § 606(a); Code 1973, § 239.2; Gilliard v. Craig, 331 F.Supp. 587 (3–judge court, W.D.N.C.), aff'd, 409 U.S. 807, 93 S.Ct. 39, 34 L.Ed.2d 66.

As to the second facet of Mrs. Montgomery's claim—whether Anthony's social security benefits are to be disregarded if no ADC is paid for him—social security benefits for children of deceased wage earners are granted by 42 U.S.C.A. § 402(d). Under that statute the United States Social Security Administration (the Administration) promulgated regulations authorizing social security benefits to be paid to a representative payee of a beneficiary in cases like the present one. 20 CFR § 404.1601. Section 404.1603 of the regulations provides:

A relative or other person to whom certification of payment is made on behalf of a beneficiary as representative payee shall, subject to review by the Administration and to such requirements as it may from time to time prescribe, apply the payments certified to him on behalf of a beneficiary *only for the use and benefit of such beneficiary* in the manner and for the purposes determined by him to be in the beneficiary's best interest. (Italics added.)

Thus § 404.1603 contains two requirements—that the expenditure be only for the use and benefit of the beneficiary and that the representative payee so determine.

The regulations do give the representative payee this leeway, however, in applying the "use and benefit" test:

> If current maintenance needs of a beneficiary are being reasonably met, a relative or other person to whom payments are certified as representative payee on behalf of a beneficiary, may use part of the payments so certified for the support of the legally dependent spouse, a legally dependent child, or a *legally dependent parent* of the beneficiary. § 404.1607 (italics added).

What did the Department do here? It ordered that if no ADC is paid on account of Anthony, the amount of his social security benefits in excess of his basic needs ($64.40) is to be deducted from the ADC for the rest of the family. Was this proper?

The Department relies on § 404.1607 of the social security regulations which we have previously quoted. While that section uses the word "may," we agree that the section lifts the restriction on social security benefits and makes them "available" in a legal sense. See 45 CFR § 232.-20(a)(3)(ii)(c) (defining availability). But such funds only become available as to specified "legally dependent" persons. Mrs. Montgomery is the only possible family member who could come within § 404.-1607, so that the deduction from Anthony's social security benefits would be limited in any event to Mrs. Montgomery's portion of the ADC. Is she a legal dependent of Anthony as the Department contends?

We think the question of legal dependency is one of local law, just as was the question in Kelley v. Iowa Dept. of Social Services, 197 N.W.2d 192 (Iowa). At common law, parents were not considered legal dependents of their children. Noble v. Edberg, 252 Iowa 135, 106 N.W.2d 102. But § 252.2 of the Iowa Code creates substantive liability on the part of a child to relieve and maintain a parent who is a poor person unable to maintain himself by labor. Under § 252.2, the Department's contention that Mrs. Montgomery is a legal dependent of Anthony would be well taken if the evidence showed she is a poor person unable to maintain herself by labor.

The difficulty with the Department's contention under the facts here is that Mrs. Montgomery is not a poor person unable to maintain herself by labor. She earns $305.25 per month by personal services, considerably in excess of her own needs under the Department's standards. She is able to maintain herself by labor. Under the evidence before us, Anthony is not legally liable for Mrs. Montgomery's support, and that means Mrs. Montgomery is not his legal dependent as § 404.1607 of the Administration's regulations requires. Thus Anthony's social security benefits retain their restricted status and cannot be deducted from the ADC.

We hold, therefore, that with Mrs. Montgomery receiving no ADC for Anthony, the Department may not deduct Anthony's social security benefits from the ADC under the facts of this case.

Reversed.