ALICE KELLEY, as Administratrix of the Estate of FREDERICK HEINSMAN, Deceased, et al., Plaintiffs, v. JAMES CACACE et al., Defendants. WILLIAM HEINSMAN, SR., Appellant; ALICE KELLEY, as Administratrix of the Estate of FREDERICK HEINSMAN, Deceased, et al., Respondents. — In an action to recover damages for wrongful death, the decedent's father, William Heinsman, Sr., appeals (1) from an order of the Supreme Court, Suffolk County, dated December 1, 1972, which directed a hearing on the issue of whether he is disqualified from receiving a distributive share of the decedent's estate, and, (2) as limited by his brief, from so much of a further order of the same court, entered March 5, 1973 and made after the hearing, as (a) directed that he receive no share of the proceeds of the settlement of the action, (b) directed payment of the proceeds of the settlement to the attorneys for the

plaintiff administratrix and to the administratrix individually rather than in her fiduciary capacity and (c) dispensed with the filing of a surety bond. Order dated December 1, 1972 ·affirmed, without costs. No opinion. Order entered March 5, 1973 modified, on the law and the facts, by striking therefrom items 3 and 4 of the third decretal paragraph, which direct payment of $23,666.67 to plaintiff and nothing to appellant, and by providing, in lieu thereof, that, out of the settlement fund remaining after the payment of attorneys' fees and the disbursements allowed upon this appeal, the distributive share payable to plaintiff, Alice Kelley, shall be 75% and the distributive share payable to appellant, William Heinsman, Sr., shall be 25%. As so modified, order affirmed insofar as appealed from, without costs, but with disbursements to each of the parties to this appeal, payable out of the settlement fund. In our opinion, the record adequately established that appellant sustained pecuniary damages as the result of his son's death (see EPTL 5-4.4, subd. [a], par. [1]). Although the decedent had not contributed to his father's support, the latter was in ill health a咽d out of work at the time of the hearing. He was a natural object of the decedent's bounty and, under the circumstances herein in which the parental ties remained intact, he had a reasonable expectation of receiving some monetary support from his son (see *Loetsch* v. *New York City Omnibus Corp.*, 291 N. Y. 308, 310; cf. *Matter of Pridell*, 206 Misc. 316). Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.