In the Matter of the ESTATE of Donney
PUSHRUK, a/k/a Donney
Mogg, Deceased.

No. 2974.

Supreme Court of Alaska.

March 25, 1977.

William G. Azar, Kennelly, Azar and Ed-
wards, Anchorage, for appellant (Estate).

Bruce Monroe, Juneau, for appellees.

Before BOOCHEVER, Chief Justice, and
RABINOWITZ, CONNOR, ERWIN and
BURKE, Justices.

## OPINION

BOOCHEVER, Chief Justice.

The estate of Donney Pushruk,
a/k/a Donney Mogg, has appealed from a
superior court order granting summary
judgment to general creditors entitling
them to proceeds from the settlement of a
wrongful death claim. The appeal raises a
number of questions requiring the construc-
tion and interpretation of Alaska's wrong-
ful death statute, AS 09.55.580.[1] We affirm

1. AS 09.55.580 provides in part:

 *Action for wrongful death.* (a) When the
 death of a person is caused by the wrongful
 act or omission of another, the personal rep-
 resentatives of the former may maintain an
 action therefor against the latter, if the for-
 mer might have maintained an action, had he
 lived, against the latter for an injury done by
 the same act or omission. The action shall
 be commenced within two years after the
 death, and the damages therein shall be such

damages as the court or jury may consider
fair and just, and the amount recovered, if
any, shall be exclusively for the benefit of the
decedent's husband or wife and children
when he or she leaves a husband, wife or
children, him or her surviving, or other de-
pendents. When the decedent leaves no hus-
band, wife or children surviving him or her or
other dependents, the amount recovered shall
be administered as other personal property
of the deceased person but shall be limited to

the decision of the trial court. We hold that where the mother of the deceased was the sole surviving heir and was not dependent on the deceased at the time of death, the proceeds of a statutory wrongful death action pass into the estate and are subject to the control and distribution of the court and to the claims of general creditors.

Donney Pushruk was a passenger in a Channel Flying, Inc. airplane which disappeared during a flight on January 13, 1975. A certificate of presumptive death was issued. He left his natural mother, Mrs. Elizabeth Pushruk Mogg, as his sole legal heir. Mrs. Mogg nominated Ms. Kim Kalmbach as personal representative, and the court duly appointed her. Pursuant to Alaska's wrongful death statute, AS 09.55.580, the personal representative instituted a wrongful death action against Channel Flying, Inc. and ultimately settled the case for $100,000.00.

While the suit was pending, James E. and Gloria J. Beaton, who had allegedly cared for the deceased during the seven years prior to his death, filed a claim against the estate in the amount of $51,895.00 for loans made to him and for the cost of his upbringing. This claim was disallowed by the personal representative. The Beatons subsequently filed a petition in superior court for allowance of claim,[2] pursuant to AS 13.16.475, seeking only $11,524.74, the sum loaned to the deceased. The personal representative opposed the petition, claiming that the estate had no funds. Ms. Kalmbach asserted that the proceeds of the wrongful death action did not pass into the estate and indicated her intention to distribute them directly to Mrs. Mogg.

The superior court held a hearing on the legal issues raised by the petition. Implicit in the trial court's decision are the legal rulings that:

(1) For purposes of AS 09.55.580, dependency is an issue of fact, to be determined at the time of death.

(2) The personal representative may bring a wrongful death action even though no statutory beneficiaries exist.

(3) In such cases proceeds of the action are treated as any other asset of the estate and are subject to the claims of creditors of the estate.[3]

The remaining factual issues in the case were resolved by agreement of the parties. Counsel stipulated that Mrs. Mogg was not dependent on her son at the time of or prior to his death. They further stipulated that the Beatons' claim was valid.

On the basis of the court's ruling and the stipulation, the Beatons moved for summary judgment. The trial court granted the motion, holding that the creditors were entitled to $11,525.74 from the proceeds of the wrongful death action.

Mrs. Mogg has been substituted for Ms. Kalmbach as personal representative and has brought this appeal from the decision below on behalf of the estate.

AS 09.55.580 authorizes the personal representative to bring an action against a party whose wrongful acts or omissions have caused the death of the deceased. Like the wrongful death statutes of other states,[4] the Alaska statute measures damages by loss to survivors; but provides that if the decedent is not survived by any of the enumerated statutory beneficiaries, the ac-

pecuniary loss. When the plaintiff prevails, the trial court shall determine the allowable costs and expenses of the action and may, in its discretion, require notice and hearing thereon. The amount recovered shall be distributed only after payment of all costs and expenses of suit and debts and expenses of administration. . . .

. . . . .

2. Two additional claims were filed and disallowed by the personal representative. These creditors did not file petitions for allowance of claims with the trial court.

3. A petition for review was filed from the court order that the money recovered from the wrongful death action would be subject to claims of creditors. By order of October 24, 1975, we declined to review that interlocutory order.

4. See, e.g., ARS 12–612 (Arizona); Miss.Code § 11–7–13; N.M.Stats. § 22–20–3; ORS 30.030 (Oregon); Va.Code § 8–638.

tion may be maintained for the benefit of decedent's estate. Thus, if the decedent is survived by a spouse, child or dependent, the action is brought on behalf of the statutory beneficiary and damages are measured by the loss to the survivors. The personal representative is then a nominal party only and holds the recovery in trust. On the other hand, if the deceased is not survived by the beneficiaries named in the statute, the personal representative is the real party in interest in the wrongful death action. Damages are limited to the loss to the estate [5] and are distributed as other personal property of the deceased. Thus, to determine the respective rights of Mrs. Mogg and the estate, we must first consider whether Mrs. Mogg is a qualified statutory beneficiary.

Although the wrongful death statutes of some states specifically provide for direct recovery of the proceeds of the action by those who would take by intestate succession,[6] Alaska's does not. Examination of AS 09.55.580 and its statutory predecessors suggests that the purpose of creating the action was primarily to compensate those who had suffered direct losses as a result of decedent's death. Beneficiaries such as spouses and children were probably enumerated in the statute because they presumptively suffered such loss. Although the 1955 amendments to the original act included parents of the deceased within this class where spouses and children did not

survive, they were excluded by the 1957 revision.[7]

In 1960, the statute was amended to its present form. At that time, the legislature added "other dependents" to the class of statutory beneficiaries. Considering the history and purposes of the statute, this amendment appears designed to protect the interest of those who, like children and spouses, will suffer financial loss. The term "dependent" provides for all such persons without creating either an excessively narrow or an overbroad classification. Thus, dependency is a question of fact.[8] An action may be brought directly on behalf of the surviving parent, but only if she shows that she is also a dependent.

■ The estate seeks to establish Mrs. Mogg's right to direct recovery on the basis of two theories of the meaning of dependency. First, while it has stipulated that Mrs. Mogg was not dependent on her son at the time of his death, the estate contends that "dependent" within the meaning of AS 09.55.580 includes those who can show they would have been dependent on the deceased had he survived. We disagree.

Although AS 09.55.580 does not specify the moment at which dependency is to be determined, we find support for our conclusion in the language of the Workmen's Compensation statute, AS 23.30.215, and in the holdings of other jurisdictions. AS 23.-30.215 provides for payments to parents, grandchildren, brothers and sisters. Such

---

5. See Dralle v. Steele, 13 Alaska 680, 687–88 (1952); Koski v. Juneau Gold Mining Co., 6 Alaska 334, 337 (1921); Wien Alaska Airlines v. Simmonds, 241 F.2d 57, 16 Alaska 670 (9th Cir. 1957); Crimis v. Alaska Treadwell Gold Mining Co., 6 Alaska 52 (1921). Cf. Leavitt v. Gillaspie, 443 P.2d 61, 69 (Alaska 1968). In Horsford v. Horsford, 561 P.2d 722 (Alaska 1977), we considered the discretion of the trial court in selecting a method for allocating a wrongful death settlement among qualified statutory beneficiaries.

6. See, e.g., CL § 27A.2922 (Mich.); N.J.Stats. § 2A:31–4.

7. The first Alaska wrongful death statute was enacted as part of the civil code for Alaska in 1900 and had its origin in an old Oregon statute. Since that time, the statute has been
amended several times, in terms of the amount of recovery, the enumerated class of beneficiaries and the procedures to be followed in the event that no named beneficiaries survive. See Act of June 6, 1900 C. 786, § 353, 31 Stat. 392; § 61–7–3 ACLA (1949), as amended by chap. 89, § 1; § 61–7–3 ACLA (1955), as amended by chap. 153 § 1; § 61–7–3 ACLA (1957), as amended by chap. 6 § 1; AS 13.20.340 (1960). For a more complete history, see Ingraham, M., Damages for Wrongful Death .in Alaska, 64 Alaska L.J. 113, 129, 145 (1966); Wien Alaska Airlines v. Simmonds, 241 F.2d 57, 16 Alaska 670 (9th Cir. 1957).

8. For other jurisdictions holding that dependency is a question of fact, see cases cited at n. 10 infra.

payments are authorized, however, only if the named beneficiaries are dependent on the deceased at the time of death. Moreover, although the reasonable possibility of future dependence of parents may be considered in computing damages once a right to recover has been established, two jurisdictions which have faced this issue have held that in the first instance, dependency is determined according to facts and circumstances existing at the time of death.[9] Finally, in cases and treatises where dependency is stated to be a question of fact, the word is defined in the present tense.[10]

These decisions and the explicit language of AS 23.30.215 may be explained in part by the general policy of avoiding speculation in damage awards where causation is uncertain.[11] Were we to adopt the estate's position, a jury would be required to speculate twice: first, as to the facts and circumstances which might create a relationship of dependency in the future; and, second, as to the amount of damages which would flow from the loss of this hypothesized relationship.

■ The estate bases its second argument on AS 25.20.030.[12] This statute requires each child to maintain his parents when they are poor and unable to work and maintain themselves. The estate suggests that by virtue of the provision, Mrs. Mogg has the right to receive directly the proceeds of the wrongful death action as a statutory beneficiary.

The language of the statute does not support this claim. Although it establishes a duty running between parent and child

under specific factual circumstances, it does not create a right of action in the parent against a third-party tortfeasor. Nor does it establish dependency as a matter of law.

In *Noble v. Edberg*, 252 Iowa 135, 106 N.W.2d 102 (1960), the Iowa Supreme Court was faced with the effect of a similar statutory provision on an indigent mother's right to bring an action against a third-party tortfeasor for damages for the death of her daughter. While citing cases in which courts had allowed juries to consider such statutes in computing damages once a right to recover had been established, it declined to use the statute as a basis for liability. Although *Noble* was not a wrongful death case, we find its result persuasive here. Actions, like wrongful death, which arise by legislative fiat are to be strictly construed. *See Smith v. Garrett*, 287 So.2d 258, 260 (Miss.1973). Thus, we shall not expand the class of dependents on the basis of an unrelated statute.

Having established that Mrs. Mogg is not entitled to recover as a statutory beneficiary, we conclude that according to the statute, the proceeds of the wrongful death action pass directly into the estate. We therefore proceed to consider the question of the rights of creditors in this context. Since AS 09.55.580 provides that recovery on behalf of the estate shall be "administered as other personal property of the deceased", this issue must be resolved as a problem of ordinary estate administration.

Personal property of the deceased is clearly subject to the valid claims of credi-

9. *Wadsworth v. Friend*, 201 So.2d 641, 643 (Fla.App.1967); *Rogers v. Hime*, 76 Ga.App. 523, 46 S.E.2d 367, 368 (1948).

10. *See Kelley v. Heinsman*, 43 A.D.2d 573, 349 N.Y.S.2d 410 (1973); *Benoit v. Miami Beach Elect. Co.*, 85 Fla. 396, 96 So. 158 (1923); *Novak v. Chicago and Calumet Dist. Transit Co.*, 235 Ind. 489, 135 N.E.2d 1, 3 (1956); *Auld v. Terminal RR Ass'n of St. Louis*, 463 S.W.2d 297, 299 (Mo.1970); *Peters v. Shortt*, 214 Va. 399, 200 S.E.2d 547, 550 (1973); *Salerno v. Manchin*, 213 S.E.2d 805 (W.Va.1974); *Pugh v. Yearout*, 212 Va. 591, 182 S.E.2d 58 (1972). *See also* Black's Law Dictionary, p. 524 (4th ed. 1951).

11. *Cf. Dowling Supply & Equip., Inc. v. City of Anchorage*, 490 P.2d 907, 909 (Alaska 1971); *Brittis v. Freemon*, 34 Colo.App. 348, 527 P.2d 1175 (1974); *Lovely v. Burroughs Corp.*, 165 Mont. 209, 527 P.2d 557, 562 (1974); *Gulf Refining Co. v. Etcheverry*, 85 N.M. 266, 511 P.2d 752, 755 (N.M.App.1973).

12. AS 25.20.030 states:

*Duty of parent and child to maintain each other.* Each parent is bound to maintain his children when poor and unable to work to maintain themselves. Each child is bound to maintain his parents in like circumstances.

tors. AS 13.16.460 *et seq.* provide detailed and explicit procedures for presentation, allowance and payment of claims against the estate.[13] Nothing in the chapter exempts estates consisting in whole or in part of a wrongful death recovery.

The estate suggests that if the proceeds of a wrongful death action are subject to the claims of creditors in cases where there are no statutory beneficiaries, then "any person, including the State of Alaska and creditors of the deceased person, could institute a wrongful death action on behalf of the deceased person." Under the statute, however, only the personal representative may institute an action. It is true that under some circumstances the action might benefit only the estate's creditors, but we do not find this result necessarily inconsistent with the legislative scheme.[14]

We conclude that the trial court did not err in granting summary judgment to the creditors.

The decision is affirmed.

AFFIRMED.

**13.** Under AS 13.16.620, a personal representative or any interested person may petition for an order of complete settlement of the estate. In such cases, the court may be required to determine the testacy, if not previously determined, to consider the final account or compel or approve an accounting and distribution and to adjudicate the final settlement and distribution of the estate. Under AS 13.16.630, the personal representative may close an estate *unless prohibited by order of the court.* The court may review compensation rendered to personal representatives and employees of the estate under AS 13.16.440 and may order appropriate refund if compensation has been excessive. Specifically, if the court finds it necessary, it may supervise the entire administration of the estate. *See* AS 13.16.215 *et seq.*

**14.** We note that if no statutory beneficiaries survive and the recovery therefore becomes part of the estate, AS 09.55.580 has the same effect as the survival statute, AS 09.55.570, which provides:

*All causes of action survive.* All causes of action by one person against another, whether arising on contract or otherwise, except those involving defamation of character, survive to the personal representatives of the former and against the personal representatives of the latter, but this shall not be construed so as to abate an action for a wrong where any party has died after the verdict or to defeat or prejudice the right of action given by AS 09.15.010. The personal representatives may maintain an action thereon against the party against whom the cause of action accrued, or, after his death, against his personal representatives.

It has been suggested that the primary justification for survival statutes is the protection offered creditors. *See* Speiser, Recovery for Wrongful Death 2d § 14:1, page 410. A like rationale would support construing the wrongful death statute according to its literal mandate.